GAIDRY, J.
|2This case involves the annulment of a tax sale and of the subsequent judgment confirming and homologating the tax sale. Because we find that there is no final, appealable judgment, we dismiss the appeal and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
The property that is the subject of this litigation consists of four lots located in East Baton Rouge Parish. Prior to the tax sale at issue herein, the property was owned by George and Beatrice Adams and Lubertha Dyer Brantley. The taxes on the property became delinquent in 1998, and a tax sale was ultimately held. Johnny R. Davis purchased the property at a tax sale on June 30, 1998. Davis’s purchase was recorded in the conveyance records. On July 30, 2003, Davis filed a petition for monition, asking the court for judgment confirming and homologating the sale of the property. Public notice of the petition for monition was made by publication in The Advocate, a Baton Rouge, Louisiana, daily newspaper, on August 1 and 11, 2003. No opposition was made to the monition. A judgment was rendered by the court granting the monition and con *453 firming and homologating the sale on September 9, 2003.
On February 5, 2009, a petition was filed by Ruth Lloyd, the succession administra-trix of Lubertha Brantley, and Ceatrice Oleen Kitchen, heir of George and Beatrice Adams, seeking to nullify both the monition judgment and the tax sale. The lawsuit also sought a writ of mandamus to compel the sheriff to accept payment of the unpaid taxes from Lloyd and Kitchen and to prepare and record a redemption deed reflecting redemption of the property by Lloyd and Kitchen. In this petition, Lloyd and Kitchen alleged that they did not receive any notice of delinquent taxes in 1997 or inRany year thereafter, that the sheriff was aware that the tax notices were not delivered to them, and that their whereabouts were determinable by simple investigation. Further, they alleged that the sheriff failed to give them reasonable notice of the tax delinquency or the tax sale, although their location was easily identifiable from the public records.
Lloyd and Kitchen filed a motion for summary judgment, and after a hearing on the motion, the trial court granted summary judgment declaring the tax sale a nullity, declaring the judgment confirming and homologating the sale a nullity, ordering the sheriff to calculate the costs due under the law and allow the prior owners to redeem the property, and ordering the sheriff to record the cancellation of the tax sale in the public records. This appeal by Davis followed.
DISCUSSION
Louisiana Revised Statutes 47:2291, which sets forth the procedure for nullity tax sales, provides:
A.A nullity action shall be an ordinary proceeding governed by the Louisiana Code of Civil Procedure. Upon conclusion of the action for nullity, the court shall either:
(1) Issue a preliminary order that the tax sale, an acquisition of full ownership by a political subdivision, or a sale or donation of adjudicated property, as applicable, will be declared a nullity.
(2) Render judgment dismissing the action with prejudice which shall be a final judgment for purposes of appeal.
B. (1) The tax sale purchaser, the political subdivision, or the purchaser or do-nee from a political subdivision shall be presumed to be a good faith possessor of the property.
(2) Costs pursuant to Article VII, Section 25 of the Louisiana Constitution and R.S. 47:2290 shall include costs of sending notice, costs of publication, and costs of determining tax sale parties. Costs shall also include amounts set' forth in Civil Code Articles 496 and 497, if applicable.
(3) Within fifteen days after the rendering of the order under Paragraph (A)(1) of this Section, the party claiming costs shall |4submit proof of costs. Proof of costs may be made by affidavit or other competent evidence and may be contest.ed by the party claiming the nullity. A contest of costs shall be filed within fifteen days after the filing of the proof of costs, and the contest shall be heard within forty-five days after the filing of the proof of costs.
(4) Within sixty days after the issuance of the order pursuant to Paragraph (A)(1) of this Section, the court shall render a judgment of nullity, and the judgment shall fix the costs allowed. This judgment shall be a final judgment subject to appeal.
C. After a judgment under Subsection B of this Section has been rendered, the governmental liens, other than statutory impositions paid if the nullity has been *454 rendered on the basis of prior payment, and costs, shall be paid within one year from the date of the judgment. This one-year period shall be suspended while an appeal is pending. If the payment is not made within the period allowed, the judgment of nullity shall be vacated and the case dismissed with prejudice at the request of the person against whom the judgment of nullity was rendered.
D. After payment has been made, the party in whose favor judgment has been rendered may apply for an ex parte order stating that the required payments have been made. The application shall be verified and shall state, or an affidavit accompanying the application shall state, the amount and method of payment, that the payment was made to the party against whom the judgment has been rendered, and that a request for dismissal under Subsection C of this Section has not been filed.
(Emphasis added.)
The judgment appealed from in this case is only a preliminary order, as referred to in subsection (A)(1). Subsection (B)(4) states that the judgment of nullity shall fix the costs allowed. There is no proof of costs in the record, and the judgment appealed from does not fix the costs allowed. As such, this is not a final appealable judgment, and Davis’s appeal must be dismissed.
DECREE
The summary judgment in this case declaring the tax sale a nullity, declaring the judgment confirming and homologating the sale a nullity, | ¡¡ordering the Sheriff to allow the prior owners to redeem the property, and ordering the Sheriff to record the cancellation of the tax sale in the public records is not a final appealable judgment and this appeal must be dismissed. This matter is remanded to the trial court for compliance with the provisions of La. R.S. 47:2291(B). Costs of this appeal are to be borne by appellant, Johnny Davis.
APPEAL DISMISSED AND REMANDED FOR FURTHER PROCEEDINGS.