STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0495

FOLSOM CAMP SITES, L.L.C.

VERSUS

DAWN G. CHIASSON

Judgment Rendered: **FEB 1 9 2021**

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
No. 108672

Honorable August J. Hand, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Alex J. Peragine<br>Christina Falco Baldwin<br>Covington, Louisiana | Counsel for Defendant/Appellant<br>Dawn G. Chiasson |
| Richard A. Richardson<br>Covington, Louisiana | Counsel for Plaintiff/Appellee<br>Folsom Camp Sites, L.L.C. |

\* \* \* \* \* \*

BEFORE: GUIDRY, McCLENDON AND LANIER, JJ.

**McCLENDON, J.**

In this appeal, the defendant challenges the trial court's judgment, which granted summary judgment in favor of the plaintiff and declared the tax sale at issue an absolute nullity. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On October 2, 2015, Folsom Camp Sites, LLC (Folsom) filed an Action to Annul Tax Sale, naming Dawn G. Chiasson as defendant.[1] Folsom alleged that it was the owner of certain immovable property located in Washington Parish when Ms. Chiasson purportedly acquired the property in June 2011 as the result of a tax sale for unpaid ad valorem taxes for the 2010 tax year. Folsom asserted that it was not given proper pre-sale or post-sale notice of the tax sale, and it requested judgment annulling the tax sale.[2]

Subsequently, Ms. Chiasson filed a motion for summary judgment, asserting that she properly sent written post-sale notice to Folsom through its registered agent and, therefore, Folsom was duly notified according to law. Folsom then filed its own motion for summary judgment, arguing that the tax sale was a redemption nullity or, alternatively, an absolute nullity. The cross-motions for summary judgment were heard by the trial court on May 3, 2019, and the matter was taken under advisement. The trial court issued written reasons for judgment on June 19, 2019, specifically finding that Folsom did not receive sufficient notice of the tax sale either pre-sale or post-sale.[3] Further, the trial court determined that the tax sale violated due process and was an absolute nullity. The trial court signed a judgment on July 19, 2019, which provided:

---

[1] Folsom later supplemented and amended its petition.

[2] In response, Ms. Chiasson filed a reconventional demand, seeking to quiet the tax title and a judgment recognizing her full ownership of the subject property.

[3] We note that in its written reasons, the trial court granted Folsom's motion for summary judgment and denied Ms. Chiasson's cross-motion. However, the trial court failed to include in the judgment any language regarding the denial of Ms. Chiasson's motion for summary judgment. It is well established that those matters not expressly granted in a judgment or order of a court are considered denied. **In re McCool**, 15-0284 (La. 6/30/15), 172 So.3d 1058, 1075. See also **M.J. Farms, Ltd. v. Exxon Mobil Corp.**, 07-2371 (La. 7/1/08), 998 So.2d 16, 26 (relief sought presumed denied when judgment silent as to claim or demand).

2

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment filed by plaintiff, Folsom Camp Sites, LLC is GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the tax sale for the property at issue is declared an absolute nullity.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Folsom Camp Sites, LLC may redeem the property from Dawn Chiasson and pay to her all costs, penalties and interest she is entitled to under Louisiana Constitution Article 7, §25.

Ms. Chiasson has appealed this judgment, arguing that her post-sale tax notice sufficiently notified Folsom of its right of redemption. Therefore, Ms. Chiasson maintains that the trial court erred in granting summary judgment in favor of Folsom and finding that the tax sale of the property is an absolute nullity.

## APPELLATE JURISDICTION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 17-1250 (La.App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). This court's appellate jurisdiction extends only to final judgments. See LSA-C.C.P. art. 2083A; **Mizell v. Willis**, 19-0141 (La.App. 1 Cir. 11/15/19), 290 So.3d 247, 250. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. LSA-C.C.P. art. 1841. A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365.

Further, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Marrero v. I. Manheim Auctions, Inc.**, 19-0365 (La.App. 1 Cir. 11/19/19), 291 So.3d 236, 238. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

Moreover, LSA-R.S. 47:2291 sets forth the procedure for nullity of tax sales and specifically provides that the judgment of nullity shall fix the costs allowed.[4] See LSA-R.S. 47:2291B(4).

In this matter, the trial court's judgment states that Folsom's summary judgment is "GRANTED," declares the tax sale an absolute nullity, and decrees that Folsom may redeem the property from Ms. Chiasson and pay to her "all costs, penalties and interest she is entitled to." There is no proof of costs in the record, and the judgment appealed from does not fix the costs allowed.[5] Therefore, this is not a final appealable judgment, and we must dismiss the appeal. See LSA-R.S. 47:2291; **In re Davis**, 10-1435 (La.App. 1 Cir. 2/23/11), 59 So.3d 452, 454. See also **Mooring Tax Asset Group, L.L.C. v. James**, 14-0109 (La. 12/9/14), 156 So.3d 1143.

## CONCLUSION

For the foregoing reasons, we dismiss Ms. Chiasson's appeal of the trial court's July 19, 2019 judgment. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[4] Louisiana Revised Statutes 47:2291 provides, in pertinent part:

A. A nullity action shall be an ordinary proceeding governed by the Louisiana Code of Civil Procedure. Upon conclusion of the action for nullity, the court shall either:

(1) Issue a preliminary order that the tax sale, an acquisition of full ownership by a political subdivision, or a sale or donation of adjudicated property, as applicable, will be declared a nullity.

(2) Render judgment dismissing the action with prejudice which shall be a final judgment for purposes of appeal.

B. (1) The tax sale purchaser, the political subdivision, or the purchaser or donee from a political subdivision shall be presumed to be a good faith possessor of the property.

(2) Costs pursuant to Article VII, Section 25 of the Louisiana Constitution and R.S. 47:2290 shall include costs of sending notice, costs of publication, and costs of determining tax sale parties. Costs shall also include amounts set forth in Civil Code Articles 496 and 497, if applicable.

(3) Within fifteen days after the rendering of the order under Paragraph (A)(1) of this Section, the party claiming costs shall submit proof of costs. Proof of costs may be made by affidavit or other competent evidence and may be contested by the party claiming the nullity. A contest of costs shall be filed within fifteen days after the filing of the proof of costs, and the contest shall be heard within forty-five days after the filing of the proof of costs.

(4) Within sixty days after the issuance of the order pursuant to Paragraph (A)(1) of this Section, the court shall render a judgment of nullity, and the judgment shall fix the costs allowed. This judgment shall be a final judgment subject to appeal.

[5] We also note that in its written reasons, the trial court made no mention of costs, penalties, and interest.