836 So.2d 364 (2002)
Winnifred LAIRD
v.
ST. TAMMANY PARISH SAFE HARBOR.
Nos. 2002 CA 0045, 2002 CA 0046.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*365 Joseph G. Albe, Metairie, Counsel for Plaintiff/Appellant Winnifred Laird.
Neil Hall, District Attorney's Office, St. Tammany Parish, Covington, Counsel for Defendant/Appellee St. Tammany Parish Safe Harbor.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, Judge.
This appeal involves an Office of Workers' Compensation ("OWC") ruling that fails to identify the parties involved in the litigation. Although the ruling purports to dismiss all claims, the ruling fails to set forth either a caption identifying the litigants or sufficient decretal language identifying the prevailing party and the party against whom the ruling is made. Because we find this ruling is fatally defective, we dismiss this appeal without prejudice.
On March 16, 2001, Winnifred Laird filed two claims for workers' compensation benefits against her employer, St. Tammany Parish. In one claim, Laird contended she had sustained physical and mental injury resulting from a February 23, 2000 automobile accident (Docket 01-01853). In the other claim, Laird asserted she suffered a "panic attack" on June 1, 2000, due to unusual and extraordinary work stress and complications of the auto accident (Docket 01-01854). By order dated May 11, 2001, the OWC consolidated these matters.
St. Tammany Parish responded by filing a peremptory exception raising the objection of prescription. A hearing on the exception was held on October 5, 2001. Thereafter, the OWC issued a October 23, 2001 ruling, containing the following pertinent language:

STATE OF LOUISIANA OFFICE OF WORKERS' COMPENSATION

DOCKET NO: 01-01853 DISTRICT 6

JUDGMENT ON EMPLOYER'S PEREMPTORY EXCEPTION OF PRESCRIPTION
[T]he Court grants the Peremptory of Exception in part and denies the exception in part.
IT IS ORDERED, ADJUDGED AND DECREED that all claims for "physical injuries" as a result of the alleged February 23, 2000, auto accident have prescribed and are dismissed with prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the assertions for a "mental injury" arising out of the alleged February 23, 2000, auto accident have not prescribed and are dismissed without prejudice for want of compliance with 23:1021(7)(d).
A judgment is the determination of the rights of the parties in an action. La. C.C.P. art. 1841. A final judgment shall be identified as such by appropriate language. La. C.C.P. art.1918. Although the form and wording of judgments are not sacramental, Louisiana courts require that a judgment be "precise, definite and certain." See Russo v. Fidelity & Deposit Co., 129 La. 554, 56 So. 506 (1911) and *366 Vanderbrook v. Coachmen Industries, Inc., XXXX-XXXX (La.App. 1st Cir.5/10/02), 818 So.2d 906, 913.
We find that the ruling is fatally defective because the parties' names appear nowhere in the ruling. Neither the caption nor the language of the ruling identifies the parties involved in this litigation. The ruling purports to dismiss all claims raised in these proceedings but does not identify either the party in whose favor the ruling is ordered or the party against whom the ruling was ordered. These determinations should be evident from the language of a judgment without reference to other documents in the record. In the absence of such decretal language, the ruling is not a valid "final judgment." See Carter v. Williamson Eye Center, 2001-2016 (La.App. 1st 11/27/02), 837 So.2d 43. In the absence of a valid final judgment, this court lacks jurisdiction to review this matter.
We additionally note that because the OWC did not hold a hearing on the merits of the claims advanced by Laird, it was improper for the OWC to dispose of the claims for "mental injury" that it determined were not prescribed. The OWC should have ruled only on the exception of prescription.
Because we lack jurisdiction, this appeal is dismissed without prejudice. Assessment of appeal costs are to await a final determination of this suit.
APPEAL DISMISSED.