# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JERRY KATHLEEN BALLARD AND
JAMES R. BALLARD

NO.   2019 CW 1210

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND LESLIE
R. VINCENT A/K/A LESLIE
VINCENT DAIGLE

JAN 0 6 2020

---

In Re:    Jerry Kathleen Ballard and James R. Ballard, applying
          for supervisory writs, 22nd Judicial District Court,
          Parish of St. Tammany, No. 2018-13848.

---

BEFORE:    WHIPPLE, C.J., GUIDRY AND PENZATO, JJ.

**WRIT DENIED.** When a judgment dismisses all claims against a party, it is a final judgment that is immediately appealable under La. Code Civ. P. art. 1915(A)(1) and (A)(3). Appellate courts do not generally review appealable judgments under their supervisory jurisdiction. See **In re Howard**, 541 So.2d 195, 196-97 (La. 1989) (per curiam). However, a valid judgment must be "precise, definite, and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. **Laird**, 836 So.2d at 366. Accordingly herein, once a judgment with appropriate decretal language, and not referring to an extrinsic pleading, is issued by the district court, such a ruling will represent a final, appealable judgment.

VGW
JMG
AHP

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT