NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0641

KIMBERLY A. MCQUEARY-LAYNE

VERSUS

LOUISIANA BOARD OF NURSING - RN DIVISION, THROUGH LSBN

Judgment rendered: **MAR 1 0 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C670400, Sec. 24

The Honorable Michael Caldwell, Judge Presiding

* * * * *

Kimberely A. McQueary-Layne       In Proper Person
Naples, FL


Carrie Leblanc Jones              Attorneys for Defendant/Appellee
Caroline T. Bond                  Louisiana State Board of Nursing
Baton Rouge, LA

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

Kimberly A. McQueary-Layne appeals a district court judgment affirming the final order of the Louisiana State Board of Nursing (Board) ordering the suspension of her nursing license. We maintain the appeal and affirm.

**BACKGROUND**

On April 3, 2017, the Board sent Ms. Layne, a licensed registered nurse, a letter stating that it had information indicating that between the dates of June 8, 2016, through the present, while employed as a nurse at Advantage Medical Staffing Agency, Ms. Layne violated the Nurse Practice Act, La. R.S. 37:911, *et seq.*, and the rules and regulations promulgated pursuant to that law. Specifically, Ms. Layne was apprised that the Board had obtained videos indicating that Ms. Layne violated patient confidentiality and exceeded professional boundaries, including but not limited to sexual misconduct. Ms. Layne was directed to submit a written statement explaining the video incidents. On April 10, 17, and 20, 2017, Ms. Layne wrote letters to the Board explaining the videos. In the first, regarding a video of Ms. Layne examining a patient catheter, Ms. Layne explained that on January 6-7, 2017, while doing an overnight shift in Covington, she had been talking with her ex-boyfriend on her cell phone, dropped her phone in her pocket, and went into a patient's room. According to Ms. Layne, it was dark in the room and she did not want to wake the patient by turning on the overhead lights, so she took her cell phone out of her pocket to use as a flashlight. Ms. Layne stated that the screen was black, and she was completely unaware that on the other side of the phone, her examination of the patient was being viewed and recorded by her disgruntled ex-boyfriend. Ms. Layne claimed that the ex-boyfriend threatened to turn in the video to ruin her life.

2

With respect to a second video showing Ms. Layne rendering care to a patient, Ms. Layne explained that she was working an overnight shift and was talking to her ex-boyfriend using an app that allowed her to make video calls from her phone. Prior to walking into the patient's room, Ms. Layne told her ex-boyfriend to "hang on," and put the phone on the bedside table. Because the screen was black, Ms. Layne thought the call was actually on hold, but unbeknownst to her, the care she administered to the patient was visible on the phone, and Ms. Layne's ex-boyfriend recorded that incident to use against her.

On July 13, 2017, Ms. Layne's nursing license was summarily suspended and a complaint was filed, in which Ms. Layne was charged with violating numerous provisions of the Nurse Practice Act. The complaint alleged that while employed as a registered nurse, Ms. Layne demonstrated unprofessional and unethical behavior by intentionally/recklessly violating the confidentiality of patients through videos and exceeding professional boundaries, including but not limited to sexual misconduct. The complaint identified two videos, the first of "Patient #1," in which Ms. Layne allegedly used her personal cell phone to record herself cleaning the genitals of a male patient, and in which the patient appears to be sitting up in a hospital bed with a remote control in his hand. Regarding the video of "Patient #2," it was alleged that Ms. Layne again used her personal cell phone to record the exposed genitals of a male patient and then recorded the patient's face, exposing his identity. According to this allegation, the patient in the video appeared to be asleep, and Ms. Layne alternated between recording her face and recording the patient's genitals.

The administrative record reflects that Ms. Layne received notice of the complaint, was notified of the summary suspension of her license, and was apprised of the charges levied against her. A full-blown administrative hearing

3

was held on February 21, 2018, during which Ms. Layne was represented by counsel. The videos with respect to Patient #1 and Patient #2 were shown to the Board. The Board heard testimony from staff members who investigated the complaint against Ms. Layne and the testimony of Ms. Layne. Ms. Layne explained her version of the events leading to the recording of the patient videos, insisting that she did not make the videos of Patient #1 or Patient #2 herself and had no idea at the time she administered care to her patients that her ex-boyfriend was making the videos. Ms. Layne offered evidence of an audio recording between herself and her ex-boyfriend in which her ex-boyfriend threatened to send the videos to the Board if she did not pay him money. During the hearing, individual Board members questioned Ms. Layne regarding the circumstances surrounding the making of the videos.

Following the conclusion of the hearing, on March 2, 2018, the Board issued a "Final Order," in which it found that the evidence constituted sufficient cause pursuant to La. R.S. 37:921 to ratify the July 13, 2017 summary suspension issued by the Board and to continue the suspension of Ms. Layne's license to practice as a registered nurse in Louisiana. The Board found that Ms. Layne, among other things: (1) failed to practice nursing in accordance with the legal standards of the nursing practice; (2) failed to utilize appropriate judgment; (3) violated patient confidentiality; and (4) exceeded professional boundaries, including but not limited to sexual misconduct. The Board also found Ms. Layne to be unfit and guilty of moral turpitude. The Final Order permitted Ms. Layne to seek reinstatement following the completion of a number of stipulations and further stated that the Board's findings would be reported to the National Practitioner Data Bank (NPDB) as a breach of patient confidentiality and sexual misconduct. The NPDB Narrative stated that Ms. Layne demonstrated sexual misconduct by recording the genitals of

4

two male patients and demonstrated breach of patient confidentiality by recording the face of one of the patients.

Ms. Layne filed a petition for re-hearing before the Board. A hearing was held before the Board on June 13, 2018, during which Ms. Layne argued that the Board's decision was clearly contrary to the law and evidence. Again, Ms. Layne insisted that the video footage was surreptitiously made and maintained that because she did not make the video footage, she could not have been found guilty of any of the acts of misconduct outlined by the Board in its Final Order. On June 14, 2018, the Board denied Ms. Layne's petition for re-hearing and affirmed its March 2, 2018 Final Order.

Ms. Layne sought judicial review of the Board's Final Order with the 19th Judicial District Court. On January 23, 2019, the district court signed a judgment which affirmed the Board's Final Order.

Representing herself, Ms. Layne took this appeal, contending that she was denied due process throughout the course of this matter, that Board staff members were guilty of wrongdoing, and that state and federal laws, as well as the Board's own rules, were violated. Ms. Layne contends that: (1) information stemming from the original complaint was withheld from the Board by Board staff, constituting fraudulent behavior; (2) the Board violated its own procedural rules and process and in turn, violated her due process rights; (3) factually inaccurate information was submitted to a national database, damaging and defaming her reputation; and (4) evidence not previously shown to Ms. Layne was used against her. She asks that this court overturn the final decision of the Board and require the Board to inform the NPDB that the case was overturned.

## APPELLATE JURISDICTION

The district court's judgment, signed on January 23, 2019, decrees that "the Louisiana State Board of Nursing's Final Order dated March 2, 2018, that is the subject of Plaintiff Kimberly McQueary-Layne's Petition for Judicial Review is affirmed." On May 24, 2019, this court issued a rule to show cause order, pointing out that the district court's order references a document outside the judgment that was not attached to the judgment. The show cause order cited the case of **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365, for the proposition that to be considered a final, appealable judgment, the specific relief should be determinable from the judgment without reference to any extrinsic source or to other documents in the record. Moreover, this court observed, a valid judgment must be precise, definite, and certain. See **Laird**, 836 So.2d at 365-66.

Both Ms. Layne and the Board responded to this court's show cause order. By order dated August 19, 2019, this court maintained the appeal, but reserved the final determination as to whether the appeal is to be maintained to this panel.

Louisiana Revised Statutes 37:923 provides that any decision of the Board may be appealed to a court of competent jurisdiction within thirty days after mailing of notice of the decision by certified mail. Judicial review of administrative decisions, such as those by the Board, is governed by La. R.S. 49:964 of the Louisiana Administrative Procedure Act, which provides that a court "may affirm the decision of the agency or remand the case for further proceedings," and sets forth those circumstances under which an administrative decision may be modified or reversed. La. R.S. 49:964G. In reviewing the Board's decision in this case, the district court was exercising appellate jurisdiction. See La. Const. art. V, Sec. 16B; **Thigpen v. Louisiana State Board**

6

**of Nursing,** 2013-0841 (La. App. 1st Cir. 2/14/14), 138 So.3d

district court was clearly authorized by law to "affirm" the

we find its judgment was sufficient to constitute a final appealable ju~

may be reviewed by an appeal to this court. Accordingly, we maintain the app~

## STANDARD OF REVIEW

An appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency, not of the district court. **Thigpen,** 138 So.3d at 23. No deference is owed by this court to the findings of the district court. **Thigpen,** 138 So.3d at 22. Consequently, this court will conduct its own independent review of the record and apply the standards of review set forth in La. R.S. 49:964G. **Id.**

Louisiana Revised Statutes 49:964G permits an appellate court to reverse or modify the decision of the Board only if the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or

(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of the evidence based on its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has had the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

7

After an independent review of the record, we find no merit in any of Ms. Layne's challenges to the Board's Final Order. In determining that Ms. Layne was guilty of the charges levied against her with respect to the patient videos, the Board clearly made a credibility determination, to which this court must give due deference. The Board's findings and conclusions are neither arbitrary nor capricious and are supported by a preponderance of the evidence and the applicable law. Furthermore, Ms. Layne failed to demonstrate that the Board's findings and its disciplinary action against her violated any constitutional or statutory provision, exceeded the Board's statutory authority, or were made upon unlawful procedure. In accordance with the dictates of La. R.S. 49:964G, we find no basis upon which to reverse or modify the decision of the Board, and we affirm the judgment of the district court.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to the appellant, Kimberly A. McQueary-Layne.

**AFFIRMED.**