STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1468

CHARLES A. RIVAULT, ARTHUR R. LEJEUNE,
CLAUDIA J. LEJEUNE, WILLIAM J. GIBSON,
AND AUDUBON TERRACE RESIDENT
HOMEOWNERS ASSOCIATION

VERSUS

AMERICA HOMELAND, LLC

*Judgment Rendered:* **SEP 2 1 2020**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C650708

The Honorable Todd W. Hernandez, Judge Presiding[1]

********

| | |
|---|---|
| Christina B. Peck<br>Sheri M. Morris<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellees<br>Charles A. Rivault, et al. |
| David M. Cohn<br>D. Brian Cohn<br>Bartley P. Bourgeois<br>Allyson S. Jarreau<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>America Homeland, LLC |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

---

[1] Although Judge Hernandez presided over this matter, he resigned before signing the judgment. His successor in office, Judge Trudy M. White, signed the judgment that is before us on appeal. See La. R.S. 13:4209.

**LANIER, J.**

In this appeal, defendant challenges the trial court's April 16, 2019 judgment, which purported to grant summary judgment and sustain an exception raising the objection of *res judicata* in favor of plaintiffs and dismiss the reconventional demand filed by defendant. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs, Charles A. Rivault, Arthur R. Lejeune, Claudia J. Lejeune, William J. Gibson, and the Audubon Terrace Resident Homeowners Association (collectively referred to as "HOA") filed this suit seeking declaratory and injunctive relief to prohibit and declare that defendant, America Homeland, LLC ("America"), could not build any structures other than single family residences on the six lots it owns in Audubon Terrace Subdivision, as all the lots located in the subdivision are subject to "written building restrictions established by Terrace Land Co., Inc. and recorded on May 21, 1959 as O-43, B-4418, of the official records of the Clerk and Recorder for the Parish of East Baton Rouge, State of Louisiana" (the "Restrictions").[2] According to the facts alleged in the petition, America purchased the six lots at issue from James and Catherine Olinde, who had previously engaged in litigation regarding the nature and extent of the Restrictions, including an appeal to this court, **Olinde v. Rivault**, 97-2886 (La. App. 1 Cir. 12/28/99) (unpublished opinion), writ denied, 99-0286 (La. 3/26/99), 740 So.2d 617, which resulted in a judgment that the six lots at issue were subject to the Restrictions and could only be used for single family residences. After purchasing the six lots, America successfully sought and obtained a rezoning of the lots by the

---

[2] Charles A. Rivault, Arthur R. Lejeune, Claudia J. Lejeune, and William J. Gibson are all residents of and property owners in Audubon Terrace Subdivision in East Baton Rouge Parish. The Audubon Terrace Resident Homeowners Association "is a non-profit corporation, the purpose of which is, among other things, to promote the general welfare of Audubon Terrace Subdivision, and to do all things connected with or incidental to that purpose."

East Baton Rouge Office of the Planning Commission, which rezoned the lots to "general office low rise," and the HOA alleged that America intended to build structures other than single family residences in violation of the Restrictions.

America answered and filed a reconventional demand, asserting that the Restrictions had been abandoned due to the actions/inactions of the HOA in regard to enforcement of the Restrictions. America noted that numerous violations of the Restrictions had occurred and were occurring in the subdivision. America sought declaratory judgment declaring the Restrictions abandoned, permitting it to proceed with construction as it chose pursuant to the rezoning.

In response, the HOA filed an exception raising the objection of *res judicata* and a motion for summary judgment. The matter proceeded to hearing on March 18, 2019, after which the trial court found that the Restrictions were still viable and applicable to the lots owned by America. The trial court sustained the objection of *res judicata*, granted summary judgment in favor of the HOA, and dismissed, with prejudice, America's reconventional demand. Judgment in accordance with the trial court's findings was signed on April 16, 2019.

> IT IS ORDERED, ADJUDGED, and DECREED that the Court finds no general issue of material fact and that the Motion for Summary Judgment filed on behalf of the petitioners, Charles A. Rivault, et al, be and is hereby granted and that judgment is rendered herein, in favor of the petitioners and against the defendant and plaintiff-in-reconvention, America Homeland, LLC as follows:

>> (a) decreeing that the building restrictions for Audubon Terrace Subdivision, First Filing, established by Terrace Land Co., Inc. and recorded on May 21, 1959 as O-43, B-4418, of the official records of the Clerk and Recorder for the Parish of East Baton Rouge, State of Louisiana, remain viable and apply to the defendant and plaintiff-in-reconvention, America Homeland, LLC, including specifically, those Restrictions prohibiting commercial activity on and limiting land use in Audubon Terrace Subdivision to single family structures;

>> (b) further decreeing that no structures other than single-family structures may be built by the said America

3

Homeland, LLC on Lots 8, 9, 10, 49, 50, and 51, Audubon Terrace Subdivision;

(c)    dismissing the reconventional demand filed herein by America Homeland, LLC.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Exception of Res Judicata filed on behalf of the petitioners, Charles A. Rivault, et al, be and is hereby sustained and that judgment is rendered herein, in favor of the petitioners and against the defendant and plaintiff-in-reconvention, America Homeland, LLC, likewise dismissing the reconventional demand filed herein by America Homeland, LLC.

It is from this judgment that America has appealed, arguing that the trial court erred (1) in granting summary judgment and (2) in dismissing the reconventional demand on the principles of *res judicata.*

## SUBJECT MATTER JURISDICTION

Appellate courts have the duty to determine sua sponte whether their subject matter jurisdiction exists, even when the parties do not raise the issue. See **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). This court's appellate jurisdiction extends only to "final judgments." See La. Code Civ. P. art. 2083(A); **Mizell v. Willis**, 2019-0141 (La. App. 1 Cir. 11/15/19), 290 So.3d 247, 250. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La. Code Civ. P. art. 1841. A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365.

Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La. App. 1 Cir. 11/19/19), 291 So.3d 236, 238. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling &**

4

**Concrete Solutions**, 268 So.3d at 1046. In cases with multiple plaintiffs or defendants, the failure to name the plaintiff(s) or defendant(s) for or against whom the judgment is rendered makes the judgment fatally defective because one cannot discern from its face for or against whom it may be enforced. **Mizell**, 290 So.3d at 250.

In the instant case, there are five plaintiffs listed in the caption of the April 16, 2019 judgment. However, in the body of the judgment, the plaintiffs are referred to simply as "petitioners, Charles A. Rivault, et al." or "petitioners." Because we are unable to discern the party or parties against whom the ruling is rendered from the face of the judgment or from a reading of the judgment as a whole, we find the judgment is fatally defective. *Id.*; but cf. **Settoon v. Morales**, 2019-0122 (La. App. 1 Cir. 9/27/19), 288 So.3d 126, 131, n.2 (judgment found to be final and appealable where even though "et al." was used on the second page of the judgment, the first page of the judgment clearly identified the counsel of record present at trial and their respective clients, specifically naming the parties); and **Micken v. DHC OPCO-Napoleonville, LLC**, 2018-0140 (La. App. 1 Cir. 11/2/18), 2018 WL 5732482, *2 (unpublished) (because plaintiff was clearly identified in the caption and body of the judgment as the only plaintiff in the case, judgment was found to contain sufficient decretal language even though it did not specify that plaintiff had filed the action against the defendants or that the judgment was rendered against her).

Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, the ruling on which this appeal is based is not a final appealable judgment. In the absence of appropriate decretal language, clearly stating the party or parties in favor of whom the judgment is ordered, the judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, we are constrained to find that this court lacks appellate jurisdiction

5

to review this matter, and the appeal must be dismissed. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046-1047. ("[I]n the absence of a valid final judgment, this court lacks subject matter jurisdiction and the appeal should be dismissed.") Once a valid final judgment is signed, any party can thereafter appeal.[3]

## DECREE

For the above and foregoing reasons, we dismiss America Homeland, LLC's appeal of the trial court's April 16, 2019 judgment. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[3]Although this court could consider converting this matter to an application for supervisory writs, we decline to do so. The decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules, Courts of Appeal, Rule 4-3 and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. However, when the jurisdictional defect lies in the non-finality of a judgment (as opposed to an appeal from an interlocutory judgment), an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal. In such cases, an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. This is because in the absence of proper decretal language, the judgment is defective, and this court lacks jurisdiction to review the merits, even if we were to convert the matter to an application for supervisory writs. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc., v. Bridges**, 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *3-4 (unpublished).