NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CU 1336

OLIVIA LYN BEAN AND TRESHAWN DARAIE DAVIS

VERSUS

EMILY POUNDS AND REID POUNDS

*Judgment Rendered:* **APR 1 6 2021**

\*\*\*\*\*\*\*\*

Appealed from the 22nd Judicial District Court
In and for the Parish of Washington
State of Louisiana
Suit No. 114862

The Honorable Mary C. Devereux, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Patrick G. Murray<br>Bogalusa, Louisiana | Counsel for Plaintiffs/Appellants<br>Olivia Lyn Bean and Treshawn<br>Daraie Davis |
| Mark James<br>Franklinton, Louisiana | Counsel for Defendants/Appellees<br>Emily Pounds and Reid Pounds |

\*\*\*\*\*\*\*\*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

Plaintiffs, Olivia Lyn Bean and Treshawn Daraie Davis, appeal a judgment granting an exception of peremption filed by defendants, Emily and Reid Pounds. For reasons that follow, we dismiss the appeal and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1B.

Plaintiffs are the biological parents of the minor child A.G.B., born on April 30, 2020.[1] According to the record, A.G.B. had been in the custody of defendants since her birth. Plaintiffs had each executed a voluntary act of surrender for the adoption of A.G.B. In July 2020, plaintiffs filed a petition seeking custody of A.G.B. Adoption proceedings had not yet been initiated. On October 1, 2020, defendants filed for an order of protection against Olivia. A temporary restraining order was signed on October 8, 2020, ordering Olivia not to have any contact with defendants or A.G.B. or to interfere in defendants' continued custody of A.G.B. The order was effective through December 1, 2020.

Following a conference on October 6, 2020, a hearing officer recommended that custody of A.G.B. be returned to plaintiffs as they indicated they no longer agreed with the surrender or the adoption. Defendants filed an objection to the hearing officer report, noting that A.G.B. would be in danger if placed in the custody of her biological parents and that the application for adoption would be filed.

Thereafter, defendants filed an application for court approval of adoptive placement, which was set for hearing. This prompted a pleading by plaintiffs entitled, "Natural Parents' Opposition to Adoption and Motion to Dissolve Acts of Surrender." In response, defendants filed an exception raising the objection of prescription, arguing that pursuant to La. Ch. Code art. 1148, no action to annul a

---

[1] The initials of the minor child are used to protect and maintain the privacy of the minor child involved in this proceeding. See Uniform Rules—Courts of Appeal, Rule 5-1 and Rule 5-2.

surrender can be brought for any reason after ninety days from its execution. Following a hearing on November 12, 2020, the district court rendered judgment on December 2, 2020, as follows:

## JUDGMENT OF THE COURT

The above captioned matter was before this Honorable Court ... because of an exception of [peremption] filed by the defendants, Emily and Reid Pounds in response to the Plaintiff's Petition for Custody filed on or about July 13, 2020. After both parties filed motions with incorporated memorandum and opposition to the exception filed by the Plaintiffs, arguments through counsel, this Honorable Court orders the following:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the exception filed by the defendants as to [peremption] pursuant to Louisiana Civil Code of Procedure Article 927, Louisiana [Civil Code] Article 3458 and Louisiana Children's Code [A]rticle 1148, is granted. Any and all recommendations as to the custody petition by the Plaintiffs shall have no effect as to the Petitioners filing on or about July 13, 2020 especially the hearing officer recommendation from October 16, 2020.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the minor child, [A.G.B.] shall remain in the sole custody of Emily and Reid Pounds until further order of this court or any court with subject matter jurisdiction and venue.

## ORDER

**IT IS HEREBY ORDERED** that the peremptory exception of prescription be set for contradictory hearing on October 27, 2020 or any other date set by this Honorable Court prior to any ruling of custody, Petition to annul surrender of parental rights, or the adoption in the above captioned matter.

**IT IS HEREBY ORDERED** that all matters in the above captioned matter be reset until this peremptory exception of prescription can be heard on the 14 day of January, 2021 @ 9:30 AM. Until the exception is heard, the minor child shall remain in the custody and care of Reid and Emily Pounds who have cared for her from birth until present, the only parents she knows.

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046. Appeal is the exercise of the right of a party to have a

3

judgment of a district court revised, modified, set aside, or reversed by an appellate court. La. Code Civ. P. art. 2082. Louisiana Code of Civil Procedure article 2083(A) provides that a final judgment is appealable. A final judgment is one that determines the merits in whole or in part. La. Code Civ. P. art. 1841.

A valid judgment must be precise, definite, and certain. **Advanced Leveling**, 268 So.3d at 1046. Moreover, a final, appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. **Pickett v. Lauren Engineers & Construction, Inc.**, 2019-1585 (La. App. 1 Cir. 12/30/20), ___ So.3d ___, ___. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 366.

In this case, we find the December 2, 2020 judgment to be ambiguous as to the specific relief granted. Although it seems that the defendants' peremption exception[2] is granted in one paragraph of the judgment, language that appears later in the judgment inexplicably references resetting all matters in the case until the peremptory exception of prescription can be heard on January 14, 2021. Moreover, the judgment refers to extrinsic documents and, thus, the specific relief granted is not determinable from the judgment. See **Laird**, 836 So.2d at 366. We further find that the judgment is defective and not a final judgment for the purpose of an appeal because it does not contain appropriate decretal language dismissing plaintiffs' opposition to the adoption and motion to dissolve the acts of surrender.

---

[2] Although defendants' exception was pled as prescription, at the beginning of arguments before the district court, counsel for defendants acknowledged that the applicable statutes actually provided peremptive periods rather than prescriptive periods.

4

In fact, regarding this lack of decretal language, we are further confused by the judgment referencing defendants' peremption exception as being filed in response to plaintiffs' petition for custody, when the record clearly discloses that the exception was filed in response to plaintiffs' opposition to the adoption and motion to dissolve the acts of surrender.

Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, the ruling on which this appeal is based is not a final, appealable judgment. In the absence of appropriate decretal language, the judgment is defective and cannot be considered a final judgment for purposes of appeal. Therefore, we are constrained to find that this court lacks appellate jurisdiction to review this matter, and the appeal must be dismissed.[3] See **Advanced Leveling**, 268 So.3d at 1046-1047.

## CONCLUSION

For the above and foregoing reasons, we dismiss the appeal of the December 2, 2020 judgment. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[3] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. **Simon v. Ferguson**, 2018-0826 (La. App. 1 Cir. 2/28/19), 274 So.3d 10, 14. Nonetheless, we note that an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *4 (unpublished).

5