NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CU 0848

JOSEPH TREY NIQUIPORO

VERSUS

KRISTIN E. HILL

Judgment Rendered: MAY 2 7 2021

* * * * * * *

APPEALED FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF TANGIPAHOA
STATE OF LOUISIANA
DOCKET NUMBER 2011-0000902

HONORABLE JEFFREY C. CASHE, JUDGE

* * * * * * *

Sonja C. Bradley
Livingston, Louisiana

Attorney for Plaintiff/Appellee
Joseph Niquiporo

Sherman Q. Mack
C. Glenn Westmoreland
Emily Guidry Jones
Albany, Louisiana

Attorneys for Defendant/Appellant
Kristin E. Hill

BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.

Holdridge J. concurs w/ Reasons
Penzato, J. dissents and assigns reasons. (by JMM)

**McDONALD, J.**

This is an appeal from a child custody judgment. After a hearing on January 24, 2020, sole custody was awarded to the child's father, Joseph Niquiporo, and the mother, Kristin Hill, was awarded supervised visitation. The judgment was signed on March 9, 2020. Ms. Hill appeals that judgment.

The judgment signed on March 9, 2020, states:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that **Joseph Niquiporo** is awarded the sole legal custody of Joseph Anthony Niquiporo. Kristin Hill shall have supervised visitation with the minor child from 12:00- 4:00 every other Saturday with Betsy Pease responsible for pick up and drop off.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the supervisors shall be designated as the PACT Center in Lafourche Parish, Billy [Niquiporo] or Betsy Pease.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Kristin Hill's visitation will remain supervised until such time as she can provide something to the Court from a counselor that states in their professional opinion that Kristin Hill is safe to be around Anthony Niquiporo and that Kristin Hill is not going to have conversations that are going to have some psychological damage to Joseph Anthony Niquiporo. Once the Court has received the statement from the counselor, Kristin Hill's visitation of the December 2018 Judgment will be reinstated.

A final judgment shall be identified as such by appropriate language. La. C.C.P. art. 1918. Although the form and wording of judgments are not sacramental, Louisiana courts require that a judgment be "precise, definite and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365.

Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete**

**Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046.

The March 9, 2020 judgment is not precise, definite and certain. The judgment requires a statement from a counselor before reinstating Kristin Hill's visitation back to that given in a December 2018 judgment. Thus, it is unclear when the visitation would be reinstated. In the absence of a valid final judgment, this court lacks subject matter jurisdiction to review this matter and the appeal should be dismissed. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046-1047.

For the foregoing reasons, we dismiss the appeal of the March 9, 2020 judgment. Costs of this appeal are assessed against the appellant, Kristin Hill.

**APPEAL DISMISSED.**

| JOSEPH TREY NIQUIPORO | STATE OF LOUISIANA |
|---|---|
| VERSUS | COURT OF APPEAL |
| | FIRST CIRCUIT |
| KRISTIN E. HILL | 2020 CU 0848 |



**HOLDRIDGE, J., concurs.**

I respectfully concur with the opinion. In several cases with similar visitation provisions, this court has reviewed the matter instead of dismissing the appeal. It would appear that we would be constrained to follow those cases. In **Poillion v. Thomas**, 2015-1564 (La. App. 1 Cir. 9/21/17), 2017 WL 4216546 at *1 (unpublished opinion), this court considered a similar appeal on the merits. In **Poillion**, the mother appealed the trial court judgment awarding the father sole custody of the child and granting her supervised visitation pending a complete evaluation clearing her for unsupervised visitation. **Id.** at *5. Similarly, in **Lowe v. Bacon**, 2018-0766 (La. App. 1 Cir. 11/6/18), 2018 WL 5817280 at *1, 9-10 (unpublished opinion), where the father appealed from the trial court judgment granting the mother sole custody, awarding him supervised visitation, and denying his rule for contempt, this court did not dismiss the appeal even where the visitation provisions in the judgment were unclear, and on appeal, the father challenged the visitation award along with the other rulings.[1] This court found that the father's

---

[1] According to the judgment in **Lowe**, for the time period from the date of the hearing, January 8, 2018, until February 26, 2018, the date of the hearing officer conference, the parties were to meet with the court's social worker to try to work out the supervised visitation, and, if they could not agree, then the visitation would be up to eight hours per week at the Sheriff's Office to be worked out "around the mother's schedule, the children's schedules, and the father's schedule, thirdly." **Lowe v. Bacon**, 2018-0766 (La. App. 1 Cir. 11/6/18), 2018 WL 5817280 at *9-10 (unpublished opinion). The parties were also to meet with the court's social worker to determine if they could mutually agree as to who would supervise the visitation and on dates and times. **Id.**

contentions on appeal as to visitation had merit because the visitation provisions in the judgment were so unclear and remanded the matter in order for the court to establish a valid visitation order. **Id.** at *10. In **Streetman v. Streetman**, 2018-1603 (La. App. 1 Cir. 3/20/19), 2019 WL 1292362 at *2 (unpublished opinion), this court handled the father's appeal from the trial court judgment retaining sole custody with the mother and awarding the father supervised visitation to be set up at a specific center and as agreed upon by the parties.

This court has also handled a similar case under its supervisory jurisdiction as opposed to dismissing the appeal. See **Wolfe v. Breaud**, 2019-0454 (La. App. 1 Cir. 3/2/20), 2020 WL 998759 at *4 (unpublished opinion) (This court could not determine whether the judgment appealed from was valid because more than one judgment was signed, but in the interests of justice converted the appeal to an application for supervisory writs.). This court noted that:

> the procedural quagmire before us was created through no fault of the parties, this matter involves child custody and further delay in ruling could negatively affect the best interests of the child, Ms. Breaud has already been forced to pay for two appellate records in an attempt to seek review of the trial court's substantive ruling on custody, and the trial court's ruling on Mr. Wolfe's requested custody change is arguably incorrect.

**Id.**

I do note that Ms. Hill filed a motion to modify custody and a rule for contempt for Mr. Niquiporo's alleged failure to inform her of the child's school behaviors and discipline information, to continue behavior modification counseling, and to confer with her before making medical and educational decisions as to the child. Mr. Niquiporo filed a rule to be awarded sole custody. The trial court set the motions for hearing, but it never specifically ruled on the contempt issue. Arguably, the judgment is a partial final judgment without a designation under La. C.C.P. art. 1915. See **Fowlkes v. Fowlkes**, 2018-1563 (La. App. 1 Cir. 3/12/19), 2019 WL 1147216 at *3 (unpublished opinion), writ denied, 2019-0556 (La. 5/28/19), 273 So.3d 310.

2

In **Fowlkes**, this court discussed exercising its power of supervisory jurisdiction to convert the appeal from a non-appealable judgment into an application for a supervisory writ under **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39, but declined to do so in that case because the matter had previously been reviewed on writs. **Fowlkes**, 2019 WL 1147216 at \*3.

Thus, in this case, even if the visitation provision is considered as lacking decretal language in contrast to the **Poillion** case, such that the judgment is not a "final judgment" that invokes our appellate jurisdiction, the arguable lack of decretal language does not impact the critical issue on review on appeal. Additionally, if the judgment is considered a partial final judgment, we could go to the merits under this court's supervisory jurisdiction in the interests of justice because with a custody ruling, time is critical and unnecessary delay should be avoided.

However, the judgment in this case was rendered on March 9, 2020, over one year ago. Since the majority opinion has found that the judgment was not a final, appealable judgment, the judgment "may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." See La. C.C.P. art 1915(B)(2). The trial court is in a position to determine if the terms and conditions of the March 9th judgment have been met by Ms. Hill, the status and condition of the minor child, and any additional factors which may currently be present in the lives of all of the parties. Since this appeal is being dismissed, the trial court can revisit all of the issues presented on appeal and make any changes or additions which would be in the best interest of the minor child and which would do justice to both of the parties in accordance with La. C.C.P. art 1915(B)(2). For these reasons, I concur in the result reached in this case.

3

JOSEPH TREY NIQUIPORO

VERSUS

KRISTIN E. HILL

**PENZATO, J., dissents.**

I respectfully disagree with the majority's decision to dismiss this appeal based on the lack of a valid final judgment. I do not agree that "it is unclear when the visitation would be reinstated." The visitation provision of the March 9, 2020 judgment provides that Ms. Hill's visitation remains supervised until she presents to the trial court a statement from her counselor that it is safe for her to be around her son. In that event, I find that the March 9, 2020 judgment necessarily contemplates a subsequent judgment reinstating Ms. Hill's visitation to that of a previous December 2018 judgment. Thus, the provision requiring supervised visitation remains in effect until a subsequent judgment is rendered by the trial court.

In contrast, in *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So. 2d 364, 366, the ruling was not "precise, definite and certain" because the parties' names did not appear anywhere in the ruling. And in *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046, the ruling was not "precise, definite and certain" because the exact amount of attorney's fees could not be determined from the judgment.

Moreover, in cases involving similarly worded judgments, this court has reviewed the matter instead of dismissing the appeal. *See, e.g., Poillion v. Thomas*, 2015-1564 (La. App. 1 Cir. 9/21/17), 2017 WL 4216546.

Thus, I respectfully dissent.