**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 1154

STATE OF LOUISIANA

VERSUS

ANTONIO ALVARADO

Judgment Rendered: ___**JUN 0 4 2021**___

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 10-18-0224

The Honorable Beau Higginbotham, Judge Presiding

* * * * *

| | |
|---|---|
| Hillar C. Moore, III<br>District Attorney<br>Michelle A. Lacoste<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Attorneys for Appellant<br>State of Louisiana |
| Barrington R. Neal<br>Baton Rouge, Louisiana | Attorney for Appellee<br>Bankers Insurance Company |
| Charles Vernon Taylor<br>Baton Rouge, Louisiana | Attorney for Appellee<br>On Time Bail Bond |
| Antonio Alvarado<br>Baton Rouge, Louisiana | Appellee<br>In Proper Person |

* * * * *

BEFORE:   PENZATO, WOLFE, AND HESTER, JJ.

**PENZATO, J.**

The State of Louisiana appeals the trial court judgment denying its rule to show cause why a bond forfeiture judgment should not be rendered against Antonio Alvarado and Bankers Insurance Company. For the reasons set forth herein, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On May 6, 2018, Antonio Alvarado was arrested in East Baton Rouge for several violations, including driving while intoxicated. On Time Bail Bonds, acting as agent for Bankers Insurance Company, posted a bond in the amount of $6,500.00 to insure the appearance of Mr. Alvarado in court. The matter came before the trial court for arraignment on November 28, 2018, and Alvarado did not appear in court. The following day, the trial court issued a bench warrant for Alvarado's arrest. Notice of the arrest warrant was sent to Alvarado's last known address, On Time Bail Bonds, and Bankers Insurance Company. On July 11, 2019, the State filed a rule to show cause why a bond forfeiture judgment should not be rendered in accordance with La. C.Cr.P. art. 335 since 180 days had passed since the notice of the warrant for arrest was sent. The State asserted that it complied with La. C.Cr.P. art. 336(A), which authorizes a judgment of bond forfeiture at a contradictory hearing and upon proof of the following:

(1) The bail undertaking.
(2) The power of attorney, if any.
(3) Notice to the defendant and the surety as required by Article 334.
(4) Proof that more than one hundred eighty days have elapsed since the notice of warrant for arrest was sent.

The State attached to its rule to show cause the bond undertaking, the power of attorney, the notice of warrant for arrest, and a certificate of notice from the 19th Judicial District Court's clerk of court certifying that the notice of warrant for arrest was sent by certified mail on November 29, 2018.

2

Although no written opposition was filed to the rule to show cause, Charles Taylor, an attorney appeared and represented On Time Bail Bonds and Bankers Insurance at the contradictory hearing held on January 16, 2020. At the hearing, the State offered, filed, and introduced into evidence the entire court record. On Time Bail Bonds and Bankers Insurance argued that Alvarado was never bonded out of jail and was never released from custody because the State turned Alvarado over to the United States Immigration and Customs Enforcement (ICE), which deported him. On Time Bail Bonds and Bankers Insurance maintained that the power of attorney specifically states it applies to state, county, and municipal courts only and provides, "Not valid in Federal Court nor if used in connection with Federal Immigration Bonds." The State argued that Alvarado was in the custody of the East Baton Rouge Sheriff's Office (EBR Sheriff), rather than the State, and that he was released from the authority of the EBR Sheriff. The State asserted that there was no evidence that Alvarado was in ICE custody or deported. As part of the record, the State filed an opposition to On Time Bail Bonds' motion to set aside, which On Time Bail Bonds withdrew conceding that it had been filed prematurely before there was any bond forfeiture judgment. In that opposition, the State proclaimed "[Alvarado] was subsequently transferred to the custody of [ICE] and deported on or about June 21, 2018." The State obtained the deportation information from an ICE agent. Also contained in the record is a Department of Homeland Security (DHS) Immigration Detainer indicating that Alvarado is a citizen of Guatemala, a removable alien, and requesting that the EBR Sheriff notify DHS before releasing Alvarado. The record also reflects that the EBR Sheriff incarcerated Alvarado from May 6-May 8, 2018, and that he was released to ICE. Mr. Taylor re-introduced the entire record, even though the State had already done so, which the trial court admitted.

The trial court ruled that Alvarado had been "released" on bond, but was actually transferred to ICE on the basis of the immigration detainer. Therefore, the

3

trial court found that the State was imputed with the knowledge that Alvarado was in the custody of ICE and not at the last known address to which the State sent notice, which did not meet the burden of La. C.Cr.P. art. 334. Therefore, the trial court denied the bond forfeiture and a judgment was signed on January 28, 2020. It is from this judgment that the State appeals.

## LAW AND DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. *See Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends only to "final judgments."[1] *See* La. C.C.P. art. 2083(A); *Marrero v. I. Manheim Auctions, Inc.*, 2019-0365 (La. App. 1st Cir. 11/19/19), 291 So. 3d 236, 238. A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So. 2d 364, 365. For a judgment to be a final judgment, it must contain appropriate decretal language. *Matter of Succession of Weber*, 2018-1337 (La. App. 1st Cir. 4/29/19), 276 So. 3d 1021, 1026. For the language to be considered decretal, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* at 1026-27. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Advanced Leveling*, 268 So. 3d at 1046.

The January 28, 2020, judgment states in pertinent part:

> IT IS ORDERED, ADJUDGED, AND DECREED that the State's rule to show cause why a bond forfeiture should not be rendered against ANTONIO [ALVARADO] and BANKERS INSURANCE *in solido* be DENIED.

---

[1] The rights of appeal of a bail undertaking forfeiture judgment shall be governed by the Code of Civil Procedure Article 2081 *et seq.* La. C.Cr.P. art. 341. A final judgment is appealable. La. C.C.P. art. 2083(A). A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841.

4

The judgment "denies" the rule to show cause, but does not specify the relief granted nor does it dismiss any party. Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, the ruling upon which this appeal is based is not a final appealable judgment. *See Succession of Simms*, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So. 3d 110, 115; *DeVance v. Tucker*, 2018-1440 (La. App. 1st Cir. 5/31/19), 278 So. 3d 380, 382. In the absence of a valid final judgment clearly stating or ordering the relief to be granted, we are constrained to conclude that this court lacks subject matter jurisdiction and the appeal must be dismissed. *See DeVance*, 278 So. 3d at 382. The denial of a rule to show cause, without a dismissal of the claims therein, renders the judgment interlocutory, and therefore is neither appealable nor susceptible of being certified for immediate appeal. *See* La. C.C.P. arts. 1841, 1911, 1915, and 2083; *see also Compton v. Chatman*, 2020-0874 (La. App. 1st Cir. 2/25/21), 2021 WL 734025, at *2 n.3.

We recognize this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. *See Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. *Markiewicz v. Sun Construction, LLC*, 2019-0869 (La. App. 1st Cir. 5/28/20), 304 So. 3d 877, 880 n.3. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of precise, definite, and certain decretal language to an application for supervisory writs.

## CONCLUSION

Having found that we lack jurisdiction, we dismiss this appeal of the January 28, 2020 judgment. This matter is remanded to the trial court for further proceedings

5

consistent with this opinion. All costs of these appeals are assessed against the State of Louisiana in the amount of $326.50.

**APPEAL DISMISSED; REMANDED.**