STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 0642

DANECO, L.L.C.

VERSUS

JUST GATORS, INC.

Judgment Rendered: ___JAN 2 3 2024___

* * * * *

ON APPEAL FROM THE
THIRTY-SECOND JUDICIAL DISTRICT COURT, DIVISION C
IN AND FOR THE PARISH OF TERREBONNE
STATE OF LOUISIANA
DOCKET NUMBER 193702

HONORABLE JUAN W. PICKETT, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Sye J. Broussard<br>Houma, Louisiana | Attorney for Defendant-Appellant<br>Just Gators, Inc. |
| Stanwood R. Duval<br>April A. Trahan<br>Harley M. Papa<br>Houma, Louisiana | Attorneys for Plaintiff-Appellee<br>Daneco, LLC |

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**GREENE, J.**

This is an appeal of a judgment of eviction regarding portions of a commercial lease. After review, we remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2018, Daneco, LLC (Daneco) entered into several agreements pursuant to a Master Business Agreement with Just Gators, Inc (Just Gators) and LaGarto Properties. One of the agreements provided that Daneco would lease its alligator farm to Just Gators. The lease provided for a $40,000.00 monthly lease payment from Just Gators to Daneco, with a six-year term and a right to renew for an additional six years. The commercial lease included "Grow-Up Buildings," a food storage structure, a freezer building, a cold storage incubator, two "Polaris Buggies," one "John Deere Buggy," four forklifts, and a Ford flatbed truck.

Over time the relationship between Daneco and Just Gators deteriorated, and on May 11, 2022, Daneco sent a notice to vacate any and all unleased property to Just Gators. On May 24, 2022, Daneco filed a petition to evict Just Gators from the "unleased property," which was defined as "property owned by [Daneco], including, but not limited to, heater sheds, pumps, buildings, etc."[1] Just Gators filed an answer, raising affirmative defenses and exceptions, and made a reconventional demand. Just Gators asserted that it had the right to occupy the property pursuant to the lease. In its reconventional demand, Just Gators asserted the eviction claim was fraudulent and lacked merit. Just Gators asked that the petition be dismissed at Daneco's costs, and that it be awarded expenses, attorney fees, and all other general and equitable relief. The matter was heard on October 11, 2022.

Thereafter, the trial court granted Daneco's petition to evict, but did not identify the property that Just Gators was evicted from. The judgment provides:

> When after considering the pleadings, the arguments of counsel, and the evidence adduced during [Daneco's] Petition to Evict, the Court renders judgment as follows:

---

[1] The petition noted that a separate rule to evict Just Gators from the leased property was pending in Division C, Docket No. 192404.

IT IS ORDERED, ADJUDGED, AND DECREED that [Daneco's] Petition to Evict is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [Just Gators] shall bear the costs associated with this Eviction.

The judgment was signed on March 5, 2023. Just Gators filed a suspensive appeal from that judgment.

A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling & Concrete Solutions v. The Lathan Co., Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). These determinations should be evident from the language of the judgment without reference to other documents in the record. **Laird**, 836 So.2d at 366.

The judgment granted Daneco's petition for eviction from the property, but did not specify the property that Just Gators was evicted from. A lack of proper language in a judgment that is otherwise a final judgment does not divest the appellate court of jurisdiction. Instead, the final judgment shall be corrected to include proper decretal language by an amendment in accordance with La. C.C.P. art. 1951. See La. C.C.P. art. 1918, Comments-2021, Comment (a). Therefore, we remand this matter to the trial court to correct the deficiency in the judgment. See **Hill International Inc. v. JTS Realty Corp.**, 2021-0157 (La. App. 1 Cir. 12/30/21), 342 So.3d 322, 327-328.

## DECREE

Accordingly, this matter is remanded for the limited purpose of instructing the trial court to sign an amended final judgment that is precise, definite, and certain and contains proper decretal language. See La. C.C.P. arts. 1918(A), 1951, and 2088(A)(12). The record herein shall be supplemented with the amended judgment no later than forty-five days following the issuance of this opinion.

**REMANDED WITH INSTRUCTIONS.**