| C.D.W. SERVICES, LLC | * | NO. 2024-CA-0081 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| NEW BRIDGE PARTNERS, LLC | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |
| | ******* | |

CONSOLIDATED WITH:                                    CONSOLIDATED WITH:

C.D.W. SERVICES, LLC                                    NO. 2024-CA-0082

VERSUS

NEW BRIDGE PARTNERS, LLC

*DLD*

**DYSART, J., DISSENTS WITH REASONS**

I dissent from the majority's decision to vacate the trial court's judgment and remand for a new trial.

The first sentence of the judgment states: "This matter having been tried and submitted to the jury, and the jury having returned a unanimous verdict, rendered the following *as per the jury interrogatories attached.*" (emphasis added). However, the answers to the interrogatories presented to the jury do not establish with certainty the amount of damages owed by CDW to New Bridge. The trial court's final judgment also does not clearly state the amount owed and, as written, is subject to different interpretations by the parties when considering the wording of the jury's answers to interrogatories.

La. C.C.P. article 1918(A) states:

> A final judgment in accordance with Article 1841 shall be identified as such by appropriate language; shall be signed and dated; and shall, in its decree, identify the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded. If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the

trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court.

"A valid judgment must be precise, definite, and certain." *Daneco, L.L.C. v. Just Gators, Inc.*, 2023-0642, p. 3 (La. App. 1 Cir. 1/23/24), 386 So. 3d 1086, 1087, citing *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. "A final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Id.*, citing *Advanced Leveling & Concrete Solutions v. The Lathan Co., Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). "These determinations should be evident from the language of the judgment without reference to other documents in the record." *Id.*, *Laird*, 836 So.2d at 366.

"A lack of proper language in a judgment that is otherwise a final judgment does not divest the appellate court of jurisdiction. Instead, the final judgment shall be corrected to include proper decretal language by an amendment in accordance with La. C.C.P. art. 1951. See La. C.C.P. art. 1918, Comments-2021, Comment (a)." *Daneco, L.L.C. v. Just Gators, Inc.*, 2023-0642, p. 3 (La. App. 1 Cir. 1/23/24), 386 So. 3d 1086, 1087; *See also Gulfsouth Credit, LLC v. Conway*, 2022-0499 (La. App. 1 Cir. 11/4/22), 354 So. 3d 731.

Because the judgment appealed from is not clear as to the precise amount for which CDW is cast in judgment, I would remand this matter for the limited purpose of instructing the trial court to sign an amended final judgment that is precise, definite, and certain, and contains proper decretal language. *See* La. C.C.P. arts. 1918(A), 1951, and 2088(A)(12).