HIGGINBOTHAM, J..
lain this ease, plaintiff appeals-the judgment of the trial court denying her petition for divorce.
FACTS AND PROCEDURAL HISTORY
This case began in June 2014, when plaintiff, Senorina Barajas-Meraz, currently residing in Terrebonne- Parish as - an illegal alien, filed a petition for divorce against defendant, Santiago[1] Valdovinos-Moreno. The Mexican citizens were married in Mexico, and in the petition, plaintiff alleged that defendant was residing or domiciled in Mexico. The plaintiff, therefore, moved the court to appoint a curator ad hoc to represent the defendant’s interest in the matter. The only other relief requested in the petition was for the judgment of divorce; the plaintiff indicated that child custody and child support were not issues between the 'parties, even though there is a minor - child of the marriage. . ,
The trial court appointed a curator ad hoc who, acbording' to' the report, was unable to locate defendant! Thereafter, the curator’s appointment wás terminated, and the matter was set for 'trial on November 17,2014.
At trial, the judge denied plaintiffs petition for divorce based on her immigration status as an illegal alien. The judgment memorializing the ruling was signed on December 23, 2014. The judgment consisted only of lines striking through' the proposed divorce judgment, with handwriting scrawled across it stating, “JUDGMENT Denied.” The judge’s signature appeared immediately below this handwriting, and the judgment was dated. Plaintiff appealed, arguing that the trial court erred in denying her petition for divorce.[1]
| sUnder Louisiana law, a final judgment shall be identified as such by *760 applicable language. La.Code Civ. P. art. 1918(A). Every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge. Ua. Code Civ. P. art. 1911(A). And,, a valid judgment must be precise, definite, and certain. In other words, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the- party against whom the-ruling is ordered, and the relief that is granted, or denied. These determinations should be evident from the language of a judgment without reference to other documents in the.record. Gaten v. Tangipahoa Parish School System, 2011-1133 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074,
As indicated above, the December 23, 2014 judgment consisted of the handwritten words, “JUDGMENT Denied,” written across the proposed judgment of divorce, with the judge’s signature and the date. This judgment before us does not contain language dismissing plaintiffs petition, and it does not contain the typewritten or printed name of the judge, which would appear to be problematic under the decretal language rules recited above. As such, this court lacks appellate jurisdiction to consider the merits of plaintiffs appeal.
For the foregoing reason, we dismiss the appeal for lack of appellate jurisdiction. All costs in this matter are assessed. to plaintiff-appellant, Senorina Barajas-Mer-az.
APPEAL DISMISSED.
PETTIGREW, J., dissents and assigns reasons.

. Upon lodging of the record, this court, ex proprio motu, issued a show cause order on June 12, 2015, noting that it appeared that the December 23, 2014 judgment was not a final, appealable ruling.. The parties were directed to show cause by briefs on or before June 29, 2015, whether the appeal should be dismissed. A duty panel made a preliminary *760 determination to maintain the appeal until consideration by this panel.