# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2019 CA 1650

## JIMMY CHANDLER

### VERSUS

## CAJUN READY MIX CONCRETE AND THE GRAY INSURANCE COMPANY

Judgment rendered: **JUL 0 7 2021**

* * * * *

On Appeal from the
Office Of Workers' Compensation, District 6
In and for the Parish of Tangipahoa
State of Louisiana

OWC No. 18-02047

R. Myles Donahue, Workers' Compensation Judge Presiding

* * * * *

Willie G. Johnson, Jr.                 Attorneys for Plaintiff/Appellant
Derek E. Elsey                         Jimmy Chandler
Jennifer O. Robinson
Sophia J. Riley
Dominique Lang
Baton Rouge, Louisiana


Kirk L. Landry                         Attorneys for Defendants/Appellees
Virginia J. McLin                      The Gray Insurance Company and its
Baton Rouge, Louisiana                 insured, Cajun Ready Mix Concrete

* * * * *

**BEFORE: McDONALD, McCLENDON, WELCH, HOLDRIDGE, AND
PENZATO, JJ.**

McClendon J., concurs

**HOLDRIDGE, J.**

An employee appeals a judgment of the workers' compensation judge (WCJ) granting the employer's "Motion to Quash Status Conference" and dismissing the employee's claims, without prejudice, on the basis of the employee's prior voluntary "partial" motion for voluntary dismissal. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On April 4, 2018, the plaintiff, Jimmy Chandler, filed a disputed claim for compensation[1] with the Office of Workers' Compensation, naming as defendants Cajun Ready Mix Concrete as his employer and The Gray Insurance Company as its insurer/administrator. The plaintiff alleged the following as bona-fide disputes: no medical treatment had been authorized; wage benefits were terminated or reduced on April 3, 2018; medical treatment recommended by a particular physician was not authorized; choice of specialty physician was not authorized; "[d]isability status"; vocational rehabilitation; and "[r]efusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination ... ."

The defendants responded to the plaintiff's claims by filing an answer, together with a dilatory exception raising the objections of prematurity, vagueness, and ambiguity, and a peremptory exception raising the objection of no cause of action. Following a July 19, 2018 hearing, the WCJ[2] sustained the defendants' exceptions. The WCJ subsequently executed a written judgment on July 27, 2018, sustaining the exception of no cause of action as to the plaintiff's claim for

---

[1] The claim form submitted by the plaintiff is a pre-printed document, issued by the Office of Workers' Compensation, wherein a claimant simply has to mark the appropriate responses or fill in the requested information where indicated. See **Thomas v. Sonic**, 2006-0014 (La. App. 1 Cir. 11/3/06), 950 So.2d 822, 824.

[2] During these initial stages of the proceedings, the WCJ was Robert Varnado.

2

vocational rehabilitation services; sustaining the exception of prematurity as to the plaintiff's claims for wage benefits, choice of physician, and medical treatment; and, sustaining the exceptions of vagueness and ambiguity as to the plaintiff's remaining claims regarding "[d]isability status" and "[r]efusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination" (remaining claims). In accordance with La. C.C.P. art. 933(B), the WCJ ordered the plaintiff to amend his disputed claim for compensation with regard to his remaining claims within fifteen days.

The plaintiff failed to file an amended disputed claim for compensation within fifteen days as ordered by the WCJ. The WCJ issued a *sua sponte* rule ordering the plaintiff to show cause why his claims should not be dismissed for non-prosecution. On March 14, 2019, the plaintiff filed an opposition to the dismissal of his claim for failure to prosecute, together with a motion to set trial. Trial was set for April 29, 2019. The defendants filed a motion to vacate the trial date, arguing that the majority of the plaintiff's claims were dismissed by the July 27, 2018 judgment, and that La. C.C.P. art. 933(B) required the dismissal of his remaining claims based on the plaintiff's failure to amend his disputed claim for compensation.

The WCJ conducted a telephone status conference on April 24, 2019.[3] The minutes reflect that counsel for the plaintiff agreed to dismiss the pending suit and re-file the disputed claim for compensation, and that the trial date was continued. On April 26, 2019, the plaintiff filed a pleading titled "Voluntary Partial Motion to Dismiss without Prejudice the April [4], 2018 Disputed Claim for Compensation"

---

[3] On April 17, 2019, Judge Donahue was appointed successor WCJ to Judge Varnado to preside over this matter.

(voluntary motion to dismiss).[4]  On April 29, 2019, the WCJ executed an "Order on Voluntary Partial Motion to Dismiss without Prejudice," which provided in pertinent part that "Plaintiff's Voluntary Partial Motion to Dismiss Without Prejudice" was granted, and "an order dismissing, without prejudice, all of his allegations against in (*sic*) the April [4], 2018, 1008 Disputed Claim for Compensation" (judgment on the voluntary motion to dismiss).  The judgment on the voluntary motion to dismiss further ordered that the plaintiff reserved any and all rights or causes of actions contained within the original disputed claim for compensation.

Subsequently, the WCJ set a telephone status conference for July 25, 2019.  The day before the telephone status conference, the defendants filed a pleading titled "Motion to Quash Status Conference" (motion to quash).  The defendants argued that the telephone status conference should not have been set because the case was dismissed, "both by operation of law and by the motion for voluntary dismissal filed by the Claimant."  Thus, the defendants requested that the WCJ grant the motion to quash and that the suit remain dismissed.

Following a September 5, 2018 hearing, the WCJ issued an oral ruling granting the motion to quash.  The WCJ further ruled that the plaintiff's April 4, 2018 disputed claim for compensation was dismissed both by operation of law and by the plaintiff's voluntary motion to dismiss.  The WCJ executed a written judgment on October 1, 2019, together with written reasons prepared at the plaintiff's request.  From this judgment, the plaintiff appeals.

## RULE TO SHOW CAUSE

This Court initially issued a show cause order, *ex proprio motu*, as to why this appeal should not be dismissed, because the October 1, 2019 judgment did not

---

[4] The plaintiff's voluntary motion to dismiss refers to the "April 9, 2018 Disputed Claim for Compensation."  However, it is apparent that this is a typographical error, and the voluntary motion to dismiss was intended to refer to the April 4, 2018 disputed claim for compensation.

4

contain the typewritten or printed name of the judge as required by La. C.C.P. art. 1911(A). See **Barajas-Meraz v. Valdovinos-Moreno**, 2015-0473 (La. App. 1 Cir. 2/26/16), 190 So.3d 758, 759-60. However, after a thorough review of the judgment, statutes, and jurisprudence, we conclude that the appeal should be maintained.

Louisiana Code of Civil Procedure article 1918 mandates that a final judgment be identified as such by appropriate language. It is well settled that a final judgment must be precise, definite, and certain. **Laird v. St. Tammany Par. Safe Harbor**, 2002-0045, 2002-0046 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final judgment must contain decretal language. **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. Decretal language must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Id.** The specific relief granted should be determinable from the judgment without reference to other documents in the record. **Laird**, 836 So.2d at 366. In the absence of such decretal language, the ruling is not a valid final judgment, and in the absence of a valid final judgment, this Court lacks jurisdiction. **Id.**

In addition to the requirements that a final judgment be identified by appropriate language and contain decretal language, La. C.C.P. art. 1911(A) states, in pertinent part:

> Except as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge. Any judgment that does not contain the typewritten or printed name of the judge shall not be invalidated for that reason.

The plain language of La. C.C.P. art. 1911(A) thus requires the inclusion of the typewritten or printed name of the judge in a final judgment, and simultaneously precludes invalidation of the judgment on the basis that the typewritten or printed name of the judge is absent.

5

In **Barajas-Meraz**, 190 So.3d at 760, this Court considered a judgment that did not contain the appropriate decretal language dismissing the plaintiff's petition as required by La. C.C.P. art. 1918(A), and also failed to contain the typewritten or printed name of the judge as required by La. C.C.P. art. 1911(A). This Court wrote:

> This judgment before us does not contain language dismissing plaintiff's petition, **and** it does not contain the typewritten or printed name of the judge, which would appear to be problematic under the decretal language rules recited above. As such, this [C]ourt lacks appellate jurisdiction to consider the merits of plaintiff's appeal.

(Emphasis added.)

In light of this Court's ruling in **Barajas-Meraz**, if a judgment lacks both decretal language and the typewritten or printed name of the judge, then this Court does not have jurisdiction over this appeal. However, we find the instant case to be distinguishable. The WCJ's October 1, 2019 judgment adequately identifies the party in favor of whom the ruling is ordered, as it states that the defendants filed the motion and that the motion is granted. While the judgment does not refer to the plaintiff by name, there is only one plaintiff involved in this case, and we are able to ascertain the plaintiff's name from the caption on the judgment as well as the record. See **Hammonds v. Reliance Ins. Co.**, 2006-0540 (La. App. 1 Cir. 12/28/06), 2006 WL 3813719, at *1 (unpublished). Further, the judgment plainly states the specific relief that is granted, as it provides that the motion to quash is granted and that the matter is dismissed without prejudice. The judgment at issue therefore contains decretal language.[5] Furthermore, under the plain language of

---

[5] The October 1, 2019 judgment at issue provides in full:

> The Motion to Quash Status Conference of Cajun Ready Mix Concrete, LLC and The Gray Insurance Company came up for hearing, pursuant to regular assignment, on September 5, 2019.

> Present in court was the Claimant through his counsel of record and the Defendants through their counsel of record.

6

La. C.C.P. art. 1911(A), the absence of the WCJ's typewritten or printed name alone does not invalidate the judgment. Therefore, although the judgment does not contain the typewritten or printed name of the judge, finding that the judgment contains appropriate decretal language, we maintain the appeal.

## DISCUSSION

The standard of review for evidentiary rulings of a trial court is abuse of discretion. See **Hicks v. USAA General Indemnity Co.**, 2019-0552 (La. App. 1 Cir. 3/25/21), _____ So.3d _____, 2021 WL 1136210, at *2. Questions of law are reviewed utilizing the *de novo* standard of review. **Newton v. St. Tammany Fire District No. 12**, 2020-0797 (La. App. 1 Cir. 2/19/21), _____ So.3d _____, _____, 2021 WL 650155, at *2; **Harold A. Asher, CPA, LLC v. Haik**, 2012-0771 (La. App. 4 Cir. 4/10/13), 116 So.3d 720, 724. Moreover, it is well-settled that where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence. **LPR, L.L.C. v. Naquin**, 2020-0847 (La. App. 1 Cir. 2/19/21), 2020-0847 (La. App. 1 Cir. 2/19/21), _____ So. 3d _____, _____, 2021 WL 650678, at *3.

After reviewing the record, we find that the issue before this Court is whether the defendants' motion to quash entitled the WCJ to dismiss the plaintiff's case. While a "motion to quash" is specifically recognized in the Louisiana Code

---

The court considered the pleadings on file, the evidence adduced, the argument of counsel, the law, and for reasons orally assigned ruled as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the [motion to quash] is hereby GRANTED because [the] matter is and has been dismissed without prejudice by operation of law.

IT IS FURTHER ORDERED, ADJUDGED[,] AND DECREED, that this matter is hereby dismissed, without prejudice, all rights reserved to the Claimant. The court acknowledges that the Claimant filed a new suit, and the action will move forward under the new docket number.

7

of Criminal Procedure article 531[6] *et seq.*, there is no article in the Louisiana Code of Civil Procedure that specifically allows a "motion to quash."

Looking at the title and substance of the defendants' "Motion to Quash Status Conference," we construe the motion as a request to "stop" or "quash" the telephone status conference set for July 25, 2019 by the WCJ.[7] The reason given to stop the telephone status conference was that the defendants presumed that the case was voluntarily dismissed. The WCJ's judgment that granted the motion to quash and stopped the telephone status conference was correct if the case had been previously dismissed. However, the WCJ erred in ruling that "IT IS FURTHER ORDERED, ADJUDGED[,] AND DECREED, that this matter is hereby dismissed, without prejudice[.]" A motion to quash a status conference is not a proper pleading that is recognized by the Louisiana Code of Civil Procedure to dismiss a case. The WCJ's judgment creates confusion in that the reasons given for the ruling was that the suit had previously been dismissed. If the suit was dismissed by the WCJ's order issued on April 29, 2019, there is no reason for the WCJ to dismiss the suit again.[8] If the case was not dismissed in its entirety by the WCJ order on April 29, 2019, a motion to quash would not be the proper procedural vehicle to have the entire case dismissed.

Accordingly, we find that the WCJ erred in dismissing this case in response to the defendants' "Motion to Quash Status Conference." If the case was previously dismissed, it remains dismissed. If it is not dismissed, the defendants'

---

[6] Louisiana Code of Criminal Procedure article 531 states that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of 'not guilty' and of 'not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash."

[7] The Louisiana Supreme Court recognized that "[p]leadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption." **Alcorn v. City of Baton Rouge ex rel. Baton Rouge Police Dept.**, 2003-2682 (La. 1/16/04), 863 So.2d 517, 519 (per curiam).

[8] The date of the dismissal, as well as the appeal delays, would be in question if there were two dismissal judgments of the same suit.

motion to quash should not dismiss the case. Therefore, we do find that the WCJ was correct and did not abuse its discretion in granting the defendants' "Motion to Quash Status Conference" since there would be no reason to hold a status conference if the case had been previously dismissed. However, we reverse in part the October 1, 2019 judgment that dismissed the matter, as a new judgment of dismissal is not needed if the case had been previously dismissed. We remand to the Office of Workers' Compensation for further proceedings, if necessary.[9]

## CONCLUSION

The October 1, 2019 judgment is affirmed in part, reversed in part, and remanded to the Office of Workers' Compensation. The costs of this appeal are to be shared equally by the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[9] If necessary, we note that this judgment does not preclude the parties from filing other pleadings (such as a peremptory exception raising the objection of mootness or an action for declaratory judgment) to recognize that this suit is dismissed if it has in fact been dismissed. If the case was not previously dismissed, the WCJ should proceed with the remaining issues that are viable.