HIGGINBOTHAM, J.
IgThis appeal arises from the judgment of the trial court that dismissed plaintiffs motion to terminate spousal support and sustained defendant’s peremptory exception raising the objection of res judicata.
FACTS AND PROCEDURAL HISTORY
Marguerite Stokes Kelly and Lawrence Kelly were married on July 14, 1973. Marguerite filed a petition for divorce on July 7, 1993, and in her petition requested permanent spousal support.[1] On December 8, *622 1993, Marguerite and Lawrence entered into a stipulated judgment- which in regards to spousal support stated:
Lawrence Kelly shall pay unto Marguerite Stokes Kelly the sum of Eight Hundred and No/100 ($800) Dollars per month as [spousal support]....
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Lawrence Kelly shall pay [spousal support] unto Marguerite Stokes Kelly in the amount stated in the preceding paragraph until she remarries or dies.
Subsequent to the stipulated judgment, the parties were divorced on May 16,1994.
On January 26, 1996, Lawrence filed a rule to reduce, or in the alternative, terminate spousal support. ’After considering Lawrence’s request, the trial court signed a judgment on March 10, 1997, which stated “IT IS ORDERED,' ADJUDGED, AND DECREED that [spousal support] in the Consent Judgment rendered prior to this hearing was contractual and cannot be reduced or increased prior to the death or remarriage of Marguerite Kelly.”
On May 29, 2015,. Lawrence again filed a “Motion to Terminate Spousal Support” contending that it had become unnecessary under La, Civ. Code art. 114. In response, Marguerite filed an exception of res judi-cata contending that the issue had already been addressed in the March 10, 1997 judgment, and it was res | ¡Judicata under La. Code Civ. P. art, 425 and La. R.S. 13:4231; therefore, Lawrence’s motion to terminate support should be dismissed.
On July 21 2015, the trial court signed a judgment sustaining Marguerite’s exception of res judicata. Lawrence timely filed a motion for new trial, which the trial court denied by judgment signed on September 10, 2015. It is from the judgment sustaining the exception of res judicata and the judgment denying the motion for new trial that Lawrence appeals, contending thaf the trial court erred in sustaining the exception of res judicata filed by Marguerite instead of determining whether there is a material change of circumstances to modify and/or terminate the previous award of spousal support.
APPELLATE JURISDICTION
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue, Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La.App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. This court’s appellate jurisdiction extends to “final.judgments.” See La. Code Civ. P. art. 2083. Appeals are taken fro.m judgments, not reasons for judgment. Davis v. Farm Fresh Food Supplier, 2002-1401 (La.App. 1st Cir. 3/28/03), 844 So.2d 352, 353-54. A judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045 (La.App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must name the party in favor of whom the ruling is. ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 2001-2016 (La.App. 1st Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of the judgment without reference to other documents in the record. Laird, 836 So.2d at 366.
| .Additionally, a final appealable judgment must contain appropriate decre-tal language disposing of or dismissing claims in the case. See Costanza v. Snap-On Tools, 2013-0332 (La.App. 1st Cir. *623 3/5/14), 2014 WL 886021 (unpublished). .The July 21, 2015 judgment signed by the trial court sustained Marguerite’s exception of res judicata, but failed to decree the dismissal of Lawrence’s motion to terminate spousal support. The absence of the necessary decretal language- means that the judgment is not- final and appealable, and thus for us to reach the merits of this matter we must exercise our supervisory, rather than appellate jurisdiction. See Johnson v. Mount Pilgrim Baptist Church, 2005-0337 (La.App. 1st Cir. 3/24/06), 934 So.2d 66, 67. See also Bd. Of Supervisors of La. State Univ. & Mech. College v. Mid-City Holdings, L.L.C., 2014-0506 (La. App. 4th Cir. 10/15/14); 151 So.3d 908, 910.
Since the judgment lacks de-cretal language that actually, dismisses Lawrence’s motion to terminate spousal support, it is interlocutory. The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writ. See La. Code Civ. P. art. 2201; Alex v. Rayne Concrete Service, 2005-1457 (La. 1/26/07), 951 So.2d 138, 144. We have authority to exercise our supervisory jurisdiction and treat the appeal of this interlocutory judgment as an application for supervisory writ. State ex rel. Dept. of Social Services v. Howard, 2003-2865 (La.App. 1st Cir. 12/30/04), 898 So.2d 443, 444 n. 1. The decision to convert an appeal to an application for a supervisory writ of review is within the discretion of an appellate court. Stelluto v. Stelluto, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Judicial efficiency and fundamental fairness to the litigants can dictate that the merits of an application for supervisory writs be decided especially when, as here, a decision by .us-.will1 terminate the litigation. See Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981) (per curiam). -Since this -litigation would have been terminated had the |fitrial court ■ judgment included the proper decretal language dismissing Lawrence’s motion, we exercise our discretion and convert this appeal to .an application for-supervisory writ. Additionally, we grant the writ application so that we may properly review the merits of the trial court judgment sustaining Marguerite’s exception of res judicata. See State in Interest of J.C., 2016-0138 (La.App. 1st Cir. 6/3/16), 196 So.3d 102, 106-07. See also State v. Brown, 2015-0855 (La. App. 4th Cir. 10/21/15), 176 So.3d 761, 766-67, writ denied, 2015-2250 (La. 2/5/16), 186 So.3d 1167.
LAW AND ANALYSIS
The peremptory exception raising the objection of res judicata is based on the conclusive legal presumption of a-thing previously adjudged between the same parties. Labiche v. Louisiana Patients’ Compensation Fund Oversight Board, 98-2880 (La.App. 1st Cir. 2/18/00), 753 So.2d 376, 380. Res judicata basically performs two functions: (1) it bars relit-igating matters that have never been litigated but should have been advanced in an earlier suit, and (2) it bars relitigating matters that have been previously litigated and decided. La. R.S. 13:4231; La. Code Civ. P. art. 425; Stelly v. Stelly, 2007-640 La.App. 3 Cir. 11/7/07, 969 So.2d 1283, 1286. Res judicata has only limited application in divorce actions and matters incidental to divorce. See La. R.S. 13:4232(B);[2] La. Code Civ. P. art. 425(B).
*624 Lawrence contends that under La. R.S. 13:4232(B), res judicata is inapplicable to this case because the amount of spousal support is always subject to judicial modification based upon a showing of a material change in circumstances Lunder La. Civ. Code art. 114. Article 114 provides that “[a]n award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary.”
In general, Lawrence’s assertion is correct that spousal support, once fixed, either by trial or pursuant to a consent judgment, is subject to change where a substantial change of circumstances in either .party can be shown. Bland v. Bland, 97-0329 (La.App. 1st Cir. 12/29/97), 705 So.2d 1158, 1161. An exception exists where the consent judgment contains a non-modification provision. Id. Whether the amount of spousal support awarded through a consent judgment can be modified depends on the specific terms of the judgment. Ray v. Ray, 2005-0873 (La.App. 1st Cir. 3/23/07), 960 So.2d 174, 178. To bar subsequent modification of the duration and/or amount of spousal support, the consent judgment must evidence a clear intent of the parties to do so. Id.
The clause in the 1993 consent judgment awarding spousal support ordered that Lawrence “shall pay spousal support unto Marguerite Stokes Kelly in the amount [of $800 per month] until she remarries or dies.” Both Lawrence and Marguerite waived their rights to seek any increase or decrease in the amount of spousal support; or in the duration of the support.
In the March 10,1997 judgment the trial court addressed the nature of Marguerite and Lawrence’s consent judgment regarding spousal support, and conclude^ that the spousal support award was contractual. In so concluding, the trial court ordered that spousal support could not be reduced or increased prior to the death or remarriage of Marguerite. This judgment was not appealed.
Despite the general rule regarding modification of spousal support and the limited application of res judicata in matters incidental to divorce, under the specific facts of this case, the trial court’s prior determination that the consent judgment between Lawrence and Marguerite was contractual and could not be ^altered by the courts means the peremptory exception of res judicata must be sustained.
CONCLUSION
For the foregoing reasons, we convert the appeal to an application for a supervisory writ of review, which we grant. However, we deny the relief requested by Lawrence as we find no error in the trial court judgment sustaining Marguerite’s peremptory exception of res judicata. All costs of this proceeding are assessed to Lawrence Kelly.
APPEAL CONVERTED TO A SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED.
CHUTZ, J, concur with reason.

. Marguerite’s petition requested alimony; however, throughout the report we refer to it *622 as spousal support. See La. Code Civ. art. 111.

. Louisiana Revised Statute La. R.S. 13:4232(B) provides:
In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil *624 Code Article 105, in an action for contributions to a spouse’s education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually, adjudicated.