# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2025 CW 0850

# IN RE: GUARDIANSHIP OF G.F.G.

Judgment Rendered: **DEC 3 0 2025**

\* \* \* \* \*

On Appeal from the
23rd Judicial District Court
Parish of Ascension, State of Louisiana
Trial Court No. 142996

The Honorable Toni F. Menard, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Todd E. Gaudin<br>Bailey Hennesy<br>Baton Rouge, Louisiana | Attorneys for Appellants,<br>Samuel and Sarah Heck |
| Mary "Katie" Shoenfelt<br>Baton Rouge, Louisiana | Attorney for Appellees,<br>Dennis Parkinson, Jr. and Kimberly<br>Parkinson |
| Joseph Manning<br>Baton Rouge, Louisiana | Attorney for Appellees,<br>Dennis Parkinson, Sr. and Rhonda<br>Parkinson |

BEFORE: LANIER, WOLFE, and HESTER, JJ.

**WOLFE, J.**

Plaintiffs/appellants, Samuel and Sarah Heck ("the Hecks"), appeal a trial court judgment, which granted a declinatory exception raising the objection of lack of subject matter jurisdiction, filed by defendants/appellees, Dennis Parkinson, Sr. and Rhonda Parkinson, and further granted a peremptory exception of lack of subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act found at Louisiana Revised Statutes 13:1801, *et seq.*, filed by defendants/appellees, Dennis Parkinson, Jr. and Kimberly Parkinson. For the following reasons, we convert the appeal to an application for supervisory writ, grant the writ, and deny the relief requested.

## FACTS AND PROCEDURAL HISTORY

This matter concerns guardianship of a minor child, G.F.G., born July 16, 2021, after the deaths of both of her parents.[1] Following G.F.G.'s mother's death, the child lived in Maryland with her maternal grandparents, Dennis Parkinson, Sr. and Rhonda Parkinson, who filed an initial guardianship petition on October 27, 2021. Subsequently, however, multiple guardianship petitions were filed by various relatives of G.F.G., including the Hecks. Following several contested hearings and a trial, on May 30, 2024, a "Guardianship Order" was issued by the circuit court in Wicomico County, Maryland, ultimately appointing the Hecks (G.F.G.'s aunt and uncle, domiciled in Louisiana) as G.F.G.'s guardians. The Guardianship Order also set forth periods when G.F.G. would reside in Louisiana, and when she would visit her relatives in Maryland – including holidays and summer periods – and further outlined how this order would change once G.F.G. began school. This order also required the Hecks to file an Annual Report in accordance with Md. Rule §10-206 within ninety days of the issuance of the order, as well as annually, in accordance

---

[1] To protect the privacy of the minor child, we will use initials throughout the opinion herein. <u>See</u> Uniform Rules – Courts of Appeal, Rules 5-1 and 5-2.

2

with Md. Rule §10-206(b). On August 27, 2024, the Maryland court issued an order that the Hecks' guardianship over G.F.G. continue; in a subsequent order, signed on October 10, 2024, the Maryland court accepted the fiduciary report submitted by the Hecks.

On January 30, 2025, the Hecks filed the instant Motion to Revise Visitation Schedule in the 23rd Judicial District Court, Parish of Ascension, claiming that G.F.G. had consistently lived in Louisiana since the May 30, 2024 Guardianship Order, and, as the Hecks live in Louisiana and act as her parents, Louisiana is therefore a more convenient forum than Maryland to consider their request. Specifically, due to behavioral and emotional challenges exhibited by G.F.G., as well as alleged familial tension between the Hecks and other family members, the Hecks requested a modification of the May 30, 2024 Guardianship Order as it relates to G.F.G.'s visitation with her Maryland relatives.

On April 11, 2025, Dennis Parkinson, Sr. and Rhonda Parkinson filed a declinatory exception raising the objection of lack of subject matter jurisdiction, and, on April 14, 2025, Dennis Parkinson, Jr. and Kimberly Parkinson filed a peremptory exception of lack of jurisdiction. Although filed separately and captioned differently, each pleading objected to the district court's lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), La. R.S. 13:1801, *et seq.*, and asserted that Maryland, not Louisiana, maintains continuing jurisdiction over the matter as the appropriate forum to bring any modification request. The Hecks did not file an opposition to either exception.

The matter came for hearing on April 14, 2025, at which time the trial court took the matter under advisement. On May 12, 2025, the trial court issued a written judgment ruling, in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion to Revise Visitation Schedule filed by Todd E. Gaudin is

3

**DENIED** based on 28 U.S.C.A. §1738A (PKPA) preempting the UCCJEA.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Peremptory Exception of Lack of Jurisdiction filed by Katherine Shoenfelt is **GRANTED** based on 28 U.S.C.A. §1738A (PKPA) preempting the UCCJEA.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Declinatory Exception of Lack of Jurisdiction field by Nicole G. Corville is **GRANTED** based on the UCCJEA 1738A (PKPA) preempting the UCCJEA.

Additionally, on the same date, the trial court issued written reasons for judgment, in which it stated, in pertinent part:

> In summary, under the [Parental Kidnapping Prevention Act], a court retains jurisdiction over a child custody matter as long as it meets the jurisdictional requirements of its own state law and the state remains the residence of the child or any contestant, even if another state is considered the home state of the child under visitation schedule. [...] [I]n this situation, Maryland retains jurisdiction according to its own state laws, and four of the contestants still reside in that state. After previous explanation, this court [does not] deem it necessary to go through the analogy of the UCCJEA.

It is from this ruling that the Hecks filed a suspensive appeal.

## APPELLATE JURISDICTION

On October 9, 2025, this court, *ex proprio motu*, issued a rule to show cause order finding the May 12, 2025 judgment at issue "appears to lack appropriate decretal language as it fails to name specific parties who the ruling is against and identify the relief awarded as required by [La. Code Civ. P.] art. 1918(A)." On October 16, 2025, the parties supplemented the record with an October 15, 2025 amended judgment, signed by the trial court, which substituted the names of the parties for the attorneys that were listed in the original judgment, clarifying that the exceptions for lack of jurisdiction filed by Kimberly Parkinson, Dennis Parkinson, Jr., Dennis Parkinson, Sr., and Rhonda Parkinson were granted. The amended judgment also denied the Motion to Revise Visitation Schedule filed by the Hecks. However, the amended judgment, while *denying* the Motion to Revise Visitation

4

Schedule, it does not *dismiss* the litigation filed by the Hecks due to lack of subject matter jurisdiction.

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Kelly v. Kelly**, 2016-0206 (La. App. 1st Cir. 10/31/16), 233 So.3d 620, 622. This court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. **Doctors for Women Medical Center, L.L.C. v. Breen**, 2019-0582 (La. App. 1st Cir. 5/11/20), 303 So.3d 667, 671. A final judgment is appealable in all cases in which appeals are given by law, while an interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of the action, while a final judgment determines the merits in whole or in part. La. Code Civ. P. art. 1841.

A judgment must be precise, definite, and certain. **Kelly**, 233 So.3d at 622, *citing*, **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.3d 43, 44. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Laird**, 836 So.2d at 366.

Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. **Kelly**, 233 So.3d at 622-23, *citing*, **Costanza v. Snap-On Tools**, 2013-0332 (La. App. 1st Cir. 3/5/14), 2014 WL 886021 (unpublished). The October 15, 2025 amended judgment granted the separate exceptions raising the lack of subject matter jurisdiction filed by Dennis Parkinson, Sr., Rhonda Parkinson, Dennis Parkinson, Jr., and Kimberly Parkinson,

5

and denied the Heck's Motion to Revise Visitation Schedule, but failed to decree the dismissal of the Hecks' action. The absence of the necessary decretal language means that the judgment is not final and appealable, and thus for us to reach the merits of this matter, we must exercise our supervisory, rather than appellate jurisdiction. See **Kelly**, 233 So.3d at 623; see also **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So.2d 66, 67.

Since the judgment lacks decretal language, which actually dismisses the Hecks' Motion to Revise Visitation Schedule, it is an interlocutory judgment. The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. La. Code Civ. P. art. 2201. When a party improperly appeals a non-appealable interlocutory judgment, this court has discretion to convert that appeal to an application for supervisory writs; however, this court may only do so if the appeal would have been timely had it been filed as a supervisory writ. **Jones v. Fogg**, 2024-1048 (La. App. 1st Cir. 5/30/25), 413 So.3d 580, 583, writ denied, 2025-01069 (La. 11/19/25), ___ So.3d ___, 2025 WL 3227545. A supervisory writ must be filed within thirty days of notice of judgment. See La. URCA, Rules 4-2 and 4-3. When the interlocutory judgment is rendered in open court, its rendition constitutes notice to all parties, unless certain exceptions apply. La. Code Civ. P. art. 1914(A); **Fogg**, 413 So.3d at 583. Those exceptions are, if the trial court orders that an interlocutory judgment be reduced to writing, or if the trial court takes the interlocutory matter under advisement, or if a party requests that the interlocutory judgment be reduced to writing within ten days of its rendition in open court. La. Code Civ. P. art. 1914(B).

The decision to convert an appeal to an application for supervisory writ of review is within the discretion of the appellate court. **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Judicial efficiency and fundamental fairness to the litigants can dictate that the merits of an application for supervisory writs be

decided especially when, as here, a decision by us will terminate the litigation. See **Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (per curiam). Herein, following the trial court's April 14, 2025 hearing on the Hecks' motion, the matter was taken under advisement. A written judgment was later issued and signed by the trial court on May 12, 2025, notice of signing of judgment was mailed to all parties on May 13, 2025, and the Hecks filed a Motion for Suspensive Appeal on June 10, 2025. Since this litigation would have been terminated had the trial court judgment included the proper decretal language dismissing the Hecks' motion, and because the appeal would have been timely if filed as an application for supervisory review, we exercise our discretion and convert this appeal to an application for supervisory writ. Additionally, we grant the writ application so that we may properly review the merits of the trial court's judgment sustaining the exceptions of lack of subject matter jurisdiction. See **Kelly**, 233 So.3d at 623.

## ASSIGNMENT OF ERROR

The Hecks assert the following sole assignment of error:

Despite statutory support in both Louisiana and Maryland, the Louisiana [t]rial [c]ourt misinterpreted the Parental Kidnapping Prevention Act and erroneously concluded it lacked authority to modify the Maryland Circuit Court's 2024 guardianship judgment.

## DISCUSSION

*Subject Matter Jurisdiction*

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. Code Civ. P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. Code Civ. P. art. 2. The jurisdiction

7

of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. See La. Code Civ. P. arts. 3 and 925; **In re D.C.M.**, 2013-0085 (La. App. 1st Cir. 6/11/13), 170 So.3d 165, 169, writ denied, 2013-1669 (La. 7/17/13), 118 So.3d 1102. The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it; the issue may be considered at any time, even by the court on its own motion, at any stage of an action. **Id.**

A court's power to grant relief is premised upon its subject matter jurisdiction over the case or controversy before it. **Louisiana Land Acquisition, LLC v. Louisiana Dept. of Environmental Quality**, 2011-2037 (La. App. 1st Cir. 7/18/12), 97 So.3d 1144, 1145, writ granted on other grounds, 2012-1872 (La. 11/16/12), 103 So.3d 358. In fact, before considering the merits in any appeal, appellate courts have a duty to examine subject matter jurisdiction. **Id.** Whether a trial court has subject matter jurisdiction over a case is subject to a *de novo* review. **D.C.M.**, 170 So.3d at 169.

*Parental Kidnapping Prevention Act*

28 U.S.C. §1738(A), entitled, "Full faith and credit given to child custody determinations" and referred to as the Parental Kidnapping Prevention Act ("PKPA"), was enacted to establish a national system for locating parents and children who travel from one such jurisdiction to another and are concealed in connection with such disputes, to establish national standards under which the courts of such jurisdiction will determine their jurisdiction to decide such disputes, and the effect to be given by each such jurisdiction to such decision by the courts of other such jurisdictions. **Shamp v. Jezek**, 2002-1346 (La. App. 1st Cir. 11/8/02), 836 So.2d 185, 188-89. Of the many purposes of the PKPA, we especially note that it was designed to "discourage continuing interstate controversies over child custody

8

in the interest of greater stability of home environment and of secure family relationships for the child[,]" to "facilitate the enforcement of custody and visitation decrees of sister States[,]" as well as to "avoid jurisdictional competition and conflict between State courts in matter of child custody and visitation which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being[.]" **Id.**, *citing* PL 96–611 (HR 8406), PL 96–611, December 28, 1980, 94 Stat 3566. Ultimately, the PKPA was designed to prevent jurisdictional conflicts and competition between states over child custody and to deter parents from abducting children for purposes of obtaining custody awards. **Jezek**, 836 So.2d at 191.

The PKPA imposes a duty on the states to enforce a child custody determination entered by a court of a sister state if the determination is consistent with the provisions of the PKPA. **Thompson v. Thompson**, 484 U.S. 174, 175-77, 108 S.Ct. 513, 514-15, 98 L.Ed.2d 512 (1988). Generally, once a state exercises jurisdiction consistently with the provision of the PKPA, no other state may exercise concurrent jurisdiction over the custody dispute even if it would have been empowered to take jurisdiction under state law, and all states must accord full faith and credit to the first state's ensuing custody decree. **Id.**; **Jezek**, 836 So.2d at 189.

Under the PKPA, a state court is required to enforce a child custody or visitation order entered by a foreign state court and, generally, cannot modify the order if the foreign state court initially had jurisdiction and continued to exercise jurisdiction to modify its own order under the laws of its state. 28 U.S.C. §1738A(a), (d), and (h). However, under the PKPA, such jurisdiction is retained until the initial state declines jurisdiction as permitted by subsections (f) and (h) of the Act. This is a discretionary call to be made by the issuing court after considerations of all relevant facts and circumstances. **Jezek**, 836 So.2d at 191.

28 U.S.C. §1738A(d) expressly states that "[t]he jurisdiction of a court of a State which has made a child custody or visitation determination consistently with

9

the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." For clarity, §1738A(c)(1) provides that "[a] child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if such court has jurisdiction under the law of such State[.]". Additionally, a "contestant" is defined as "a person, including a parent or grandparent, who claims a right to custody or visitation of a child." 28 U.S.C. §1738A(b)(2). Herein, it is undisputed that four contestants who were awarded visitation reside in Maryland: Dennis Parkinson, Sr., Rhonda Parkinson, Dennis Parkinson, Jr., and Kimberly Parkinson. The Hecks do not dispute that this second prong of the §1738A(d) analysis is met.

Regarding the first prong of the §1738A(d) analysis, the Hecks focus on MD Code, Family Law, §9.5-202 as their basis to claim Maryland no longer retains exclusive and continuing jurisdiction. MD Code, Family Law, §9.5-202 states, in pertinent part:

> … [A] court of this State that has made a child custody determination consistent with §9.5-210 or §9.5-203 of this subtitle has **exclusive, continuing jurisdiction over the determination until**: (1) a court of this State determines that neither the child, the child and one parent, nor the child and a person acting as a parent have significant connection with this State and that the substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; **or** (2) a court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.

(emphasis added).

The Hecks focus on the fact that G.F.G. and the Hecks have not lived in Maryland since May 30, 2024, the date of the Guardianship Order and, by simply moving back to Louisiana, Maryland has completely lost all jurisdiction. The Hecks argue, "[u]nder Maryland state law, the Maryland court lost its exclusive and continuing jurisdiction over [G.F.G.'s] case because neither she [n]or the Hecks reside in

Maryland. [...] [G.F.G.] has not lived in Maryland since May 30, 2024[,] but has lived exclusively in Louisiana with the Hecks, her permanent guardians who have been acting as parents." We disagree.

Maryland has never made a judicial determination that G.F.G. or any person acting as a parent lacked a significant connection to the state with no substantial evidence in Maryland, nor has there been a judicial determination that G.F.G. or any person acting as a parent no longer resides in Maryland. For this statute to divest Maryland of its own exclusive, continuing jurisdiction, it plainly requires a judicial determination by a Maryland court, which has not occurred herein. To the contrary, Maryland is actively exercising its jurisdiction under Md. Rule §10-206, which requires guardians to file annual and fiduciary reports, which the court is then required to review and either accept them and continue the guardianship or take other appropriate action. Thus, the Hecks' Guardianship Order is not permanent; it is expressly contingent upon the Hecks' compliance with these annual reporting requirements. In fact, the Maryland court reviewed and acted upon such reports only three months before the Hecks initiated the in-state Louisiana action, making clear that Maryland was actively overseeing their guardianship of G.F.G. Moreover, pursuant to the terms of the Guardianship Order, G.F.G. does continue to reside in Maryland for over two months each year.

While we recognize that, for the Hecks, Louisiana is a more convenient forum and is where G.F.G. currently resides, to allow a Louisiana court to unilaterally divest Maryland of its jurisdiction would be contrary to the purposes of the PKPA, which is premised on the assumption that parties to such child and family matters will naturally be spread across multiple states. Moreover, the Hecks are not precluded from seeking a modification of the Guardianship Order but must do so in Maryland.

Accordingly, we do not find that the facts of the instant proceeding have given rise to Maryland divesting itself of jurisdiction pursuant to MD Code, Family Law, §9.5-202 and, as such, find, pursuant to §1738A(d) of the PKPA, Maryland retains its jurisdiction over G.F.G.'s guardianship. Therefore, the Louisiana trial court did not err in granting the exceptions of lack of subject matter jurisdiction filed by Dennis Parkinson, Sr., Rhonda Parkinson, Dennis Parkinson, Jr., and Kimberly Parkinson.

## CONCLUSION

For the foregoing reasons, we convert the appeal to an application for a supervisory writ of review, which we grant. However, we deny the relief requested by plaintiffs/appellants, Samuel and Sarah Heck, as we find no error in the trial court's judgment granting the exceptions of lack of jurisdiction filed by defendants/appellees, Dennis Parkinson and Rhonda Parkinson, as well as Dennis Parkinson, Jr. and Kimberly Parkinson. All costs of this proceeding are assessed to Samuel and Sarah Heck.

**APPEAL CONVERTED TO A SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED.**